**Alva BERTHOLF, Plaintiff,**

v.

**BURLINGTON NORTHERN RAIL-
ROAD, Defendant.**

**No. C–74–270.**

United States District Court,
E. D. Washington.

Sept. 9, 1975.

Gail K. Holden, Turner, Stoeve, Gagliardi & Kennedy, Spokane, Wash., for plaintiff.

Robert C. Williams, Seattle, Wash., for defendant.

## MEMORANDUM AND ORDER

NEILL, Chief Judge.

Plaintiff seeks recovery from the defendant railroad for severe and lasting injuries that resulted when a hoist allegedly slipped, dropping a heavy railroad car component (a bolster) onto his arm. Plaintiff was engaged in replacing the springs of a hopper car when the accident occurred. The affidavits and depositions on file indicate that plaintiff was to some extent contributorily negligent in that he had prior knowledge of the defect but failed to report it to his employer and continued to use the hoist.

Plaintiff's affidavits further indicate that the defect in the hoist was the proximate cause of his injuries and that the hoist had not been inspected regularly. In an affidavit, plaintiff's expert witness concludes, on the basis of his personal inspection, that the hoist had been poorly maintained. The only affidavit controverting plaintiff's allegations was submitted by defense counsel and relies on plaintiff's deposition in asserting that plaintiff failed to follow safety procedures and that he was therefore contributorily negligent.[1]

Plaintiff has filed a motion for summary judgment, relying on 45 U.S.C. § 53, which provides, in relevant part,

. . . the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: *Provided,* That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

Plaintiff argues that the affidavits and depositions on file prove a violation of the safety regulations promulgated under 29 U.S.C. § 654, the Occupational Safety and Health Act (hereinafter OSHA), and found at 29 C.F.R. § 1910.-179 (1974). These regulations prescribe inspection schedules for cranes and hoists such as the one involved in plaintiff's accident, and the affidavits do establish a violation by the employer. Therefore, plaintiff concludes, since these regulations are a "statute enacted for the safety of employees" within the meaning of the above-quoted section, contributory negligence should not operate to diminish his recovery and he is entitled to summary judgment on the issue of liability as a matter of law.

Plaintiff's argument finds support in *Kernan v. American Dredging Co.,* 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958), wherein the Supreme Court held that the Federal Employers' Liability Act (hereinafter FELA), Title 45, United States Code, creates employer liability without regard to negligence whenever an employer violation of any safety statute contributes to the employee's injury, irrespective of whether the injury is of the type the statute was designed to protect against. In dictum, the Fifth Circuit Court of Appeals has interpreted *Kernan* to mean that a violation of any safety statute would also preclude dimi-

---

1. Although it is proper, in the discretion of the court, to consider affidavits expressing expert opinion based on personal knowledge, affidavits from counsel of record are proper only if they contain facts that would be admissible by the affiant at trial. 10 Wright and Miller, *Federal Practice and Procedure,* § 2738 at pp. 689–694, 699–702. However, the court's disposition of this motion does not require reliance on counsel's affidavit.

nution of an employee's recovery under FELA irrespective of the employee's contributory negligence. *Neal v. Saga Shipping Co., S. A.,* 407 F.2d 481, 486 (5th Cir. 1969), *cert. denied* 395 U.S. 986, 89 S.Ct. 2143, 23 L.Ed.2d 775 (1969).

However, past decisions of the Supreme Court indicate that the proviso of 45 U.S.C. § 53 applies only to violations of the Safety Appliance Act, 45 U.S.C. § 1 et seq., and the Boiler Inspection Act, 45 U.S.C. § 23 et seq., which are both part of FELA. *Moore v. Chesapeake & Ohio R. Co.,* 291 U.S. 205, 210, 54 S.Ct. 402, 78 L.Ed. 755 (1934), *Urie v. Thompson,* 337 U.S. 163, 188–189, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). Further, a careful reading of *Kernan v. American Dredging Co., supra,* reveals that the *Kernan* Court was concerned solely with the issue of employer liability under 45 U.S.C. § 51 of FELA, and not with the question of apportioning damages between the employer and employee. This conclusion finds support in the fact that the *Kernan* decision does not mention section 53 of Title 45, the section on which plaintiff relies, but interprets only sections 51 and 54, which create a cause of action under FELA and eliminate assumption of risk as a bar to recovery. *See also, Heath v. Matson Navigation Co.,* 333 F.Supp. 131, 134 (D.Haw. 1971).

In summary, it is clear from decisions of the Supreme Court that, under FELA,

> *any* violation of *any* statute, not simply the Safety Appliance and Boiler Inspection Acts, are actionable without any showing of negligence . . .

*Kernan, supra* at 445, 78 S.Ct. at 404 (emphasis in original). Therefore, *Kernan* interpreted FELA broadly as imposing liability on employers without a showing of negligence where any safety statute violation by an employer contributed to the injury of the employee. However, it does not follow from this that employer violations of statutes oth-er than the Safety Appliance and Boiler Inspection Acts would operate to impose absolute liability on the employer by rendering the comparative negligence provision of 45 U.S.C. § 53 inoperative. *Kernan* did not concern comparative negligence and this court will not read it to effect the massive expansion of employer liability urged by plaintiff.

Further, plaintiff's argument would fail for the additional reason that section 4(b)(4) of OSHA, 29 U.S.C. § 653, upon which plaintiff relies to find an employer violation of a safety statute, expressly limits the operation of OSHA regulations to render them inapplicable to FELA cases:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

For the foregoing reasons, the court must conclude that the dictum of the Fifth Circuit in *Neal v. Saga Shipping Co., S. A., supra,* erroneously interprets the *Kernan* case. Therefore, contrary to plaintiff's argument, the court finds that 45 U.S.C. § 53 bars diminution of damages in proportion to an employee's contributory negligence only where the employer has violated one of the Safety Appliance Acts of Title 45 of the United States Code. In any case, by the express terms of OSHA, violation of regulations under that act would not affect plaintiff's recovery under FELA.

It follows perforce that the question of plaintiff's contributory negligence remains material to the issue of the extent of defendant's liability, if any. Since the existence and extent of plaintiff's contributory negligence can only be resolved at trial, a material issue of fact exists on the issue of liability and plaintiff's motion for summary judgment is denied.