Martin CANAPE, Petitioner,

and

Colorado Compensation Insurance
Authority, Petitioner–
Intervenor,

v.

David PETERSEN, d/b/a Western Hills
Construction, Respondent.

No. 94SC230.

Supreme Court of Colorado,
En Banc.

June 5, 1995.

Winston & Liston, P.C., Joseph R. Winston, Mary Ann Liston, LeHouillier & Associates, Patric J. LeHouillier, Colorado Springs, for petitioner.

Hale Pratt Midgley Hackstaff & Goldberg, P.C. Charles M. Pratt, Denver, for petitioner-intervenor.

Vaughan, Reeves & DeMuro, Carla McCord Albers, Colorado Springs, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to consider the following question:

Whether the Colorado Court of Appeals erred in ruling that a violation of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. (1988), cannot be the basis of a negligence per se jury instruction.

We conclude that the trial court correctly refused to instruct the jury on the issue of negligence per se. We therefore affirm the court of appeals' ruling on this issue in *Canape v. Peterson*, 878 P.2d 83 (Colo.App. 1994).

## I.

On April 10, 1991, the petitioner, Martin Canape (Canape), was delivering shingles to the construction site of a garage being built by the respondent, David A. Petersen d/b/a Western Hills Construction (Petersen). Canape fell through a hole in a roof covered by a loose plywood board.[1]

Canape was not employed by Petersen, a general contractor, but was working for an independent contractor.[2] Immediately prior to the accident, Canape and his co-employees were off-loading the shingles and stacking the material on the partially unfinished roof of the garage. While walking across the roof, Canape stepped on a piece of loose plywood covering a hole in the roof. Canape fell seventeen feet onto a concrete floor. As a result of the injuries he received from this fall, Canape underwent a spinal fusion operation.

Canape, and the intervenor, the Colorado Compensation Insurance Authority, brought this action against Petersen, alleging that Canape's injuries were the direct and proximate result of Petersen's negligence in failing to provide a warning regarding the conditions of the roof.[3] He requested that the El Paso County District Court instruct the jury on negligence per se and on *res ipsa loquitur*.[4] The court declined to give these instructions, and the jury found in favor of Petersen. Specifically, the jury found that although Canape incurred injuries, damages, and losses, Petersen was nevertheless not negligent.

The court of appeals affirmed the ruling of the trial court. The court of appeals first held that instructing the jury on a negligence per se theory of liability would violate the Occupational Safety and Health Act, 29 U.S.C. § 653(b)(4) (1988) (OSHA), because it would affect the common law or statutory rights, duties, and liabilities of employers and employees. The court of appeals also held that Canape was not entitled to an instruction on *res ipsa loquitur* because it concluded that it was not more likely than not that Petersen's negligence was the cause of the accident.

## II.

Canape contends that the trial court erred by refusing to instruct the jury on the issue of negligence per se.[5] We disagree.

Further, Canape refers to a regulation in OSHA as the basis for his proposed jury instruction on negligence per se. The regulation provides that "[f]loor openings shall be guarded by a standard railing and toe boards or cover." 29 C.F.R. § 1926.500(b)(1) (1990). Subparagraph (f) requires that floor covers be "capable of supporting the maximum intended load and [be] so installed as to prevent accidental displacement." The regulation defines a "floor opening" as "[a]n opening measuring 12 inches or more in its least dimension in any floor, roof, or platform through which persons may fall." 29 C.F.R. § 1926.502(b) (1994).

Negligence per se may be established where the defendant's actions are in violation of a statute enacted for the public's safety, and where it is established that the violation of the statute proximately caused the plaintiff's injury. *Lyons v. Nasby*, 770 P.2d 1250, 1257 (Colo.1989). The plaintiff "must also

---

1. At the time of the accident, neither Petersen, nor his temporary worker, was present.

2. Petersen had ordered from Brookhart's Wholesale Lumber, a roofing supply company, material for the roof of the garage. Canape, an employee of Brookhart's Wholesale Lumber, was the delivery person delivering the shingles. It is disputed whether, upon ordering the shingles, Petersen specified that he wanted them stacked on the roof.

3. Because Canape was not employed by Petersen, workers' compensation was not available from Petersen. Canape, however, did receive workers' compensation from his employer, Brookhart's Wholesale Lumber.

4. The petitioners allege that, by failing to provide a safe place to work, Petersen breached the Occupational Safety and Health Act (OSHA), which amounted to negligence per se.

5. Canape further asserts that Petersen owed a duty of care to provide safe working conditions for all employees who could reasonably be expected to be on the job site, regardless of that employee's status as an employee of a general contractor, subcontractor, a supplier, or a materialman.

show that he or she is a member of the class of persons whom the statute was intended to protect and that the injuries suffered were of a kind that the statute was enacted to prevent." *Id.*

The trial court held that Canape was not entitled to an instruction on negligence per se because he was not employed by Petersen and thus was not within the class of persons intended to be protected by the OSHA regulation. Specifically, the trial court stated:

> [T]he Plaintiff was not engaged to "work at the site". The Plaintiff ... was engaged to deliver materials to the site.
>
> So, [based on the relevant caselaw] the Court sees th[e] distinction [between the status of a subcontractor or the employee of any other firm engaged to work at the site and the situation here] and finds that the OSHA reg[ulation]s do not apply to the Plaintiff in this particular situation.

The trial court additionally determined that the OSHA regulations at issue here were not applicable to the facts of this case. In reaching this determination, the trial court relied on 29 C.F.R. § 1926.500(a), which provides that the floor and wall opening regulation applies "to temporary or emergency conditions where there is a danger of *employees* or material falling through the floor, roof, or wall openings." (Emphasis added.)

The court of appeals also concluded that an instruction on negligence per se was not warranted but relied on a broader rationale. The court of appeals examined the language contained in 29 U.S.C. § 653(b)(4) (1988), and concluded that an instruction on negligence per se would enlarge the plaintiff's common law rights and would thus violate the statute. Specifically, the court of appeals stated that a negligence *per se* theory of liability "operates to engraft a particular legislative standard onto the general standard of care imposed by traditional tort law principles." Thus, application of a negligence *per se* instruction affects the common law rights, duties and liabilities of employers and employees.

We thus elect not to follow those cases which conclude that the intent of [Section] 653(b)(4) was merely to ensure that OSHA was not read to create a private cause of action, and thus, imposing negligence *per se* for an OSHA violation is not precluded.

Further, we disregard those cases which have held that OSHA regulations may be used to establish negligence *per se*, but have done so without addressing 29 U.S.C. § 653(b)(4).

*Canape*, 878 P.2d at 86 (citations omitted).

■ Canape argues that the court of appeals' decision does not square with the legislative history of § 653 and does not advance the public policy of this state—to provide safe working conditions for all employees. He also contends that imposing a negligence per se theory does not enlarge the rights, duties, or liabilities of an employer.

■ Under OSHA, an employer is responsible for the safety and health of its employees. Although OSHA covers a wide range of workplace injuries, it is not "designed to require employers to provide absolutely risk-free workplaces." *Industrial Union Dep't, AFL–CIO v. American Petroleum Inst.*, 448 U.S. 607, 641, 100 S.Ct. 2844, 2863, 65 L.Ed.2d 1010 (1980); *Usery v. Kennecott Copper Corp.*, 577 F.2d 1113, 1118 (10th Cir. 1977) ("[OSHA] does not hold the employer responsible for the prevention of all accidents.").

Section 654 of 29 U.S.C. sets forth the duties of employers and employees and provides as follows:

> (a) Each employer
>
> (1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;
>
> (2) shall comply with occupational safety and health standards promulgated under this chapter.

Section 654(a)(1) creates a general duty for an employer to protect its employees from hazards that are likely to cause death or serious bodily injury at the work site. Canape was neither an employee of Petersen nor an employee of a subcontractor employed by Petersen to work at the job site. Rather, he was a material supply person making a

one-time delivery to the job site where he was injured. Because it is undisputed that Canape was not an employee of Petersen, § 654(a)(1) does not apply.

Section 654(a)(2) creates a specific duty of care for employers to comply with OSHA regulations. There is a split of authority from courts who have analyzed this section as to whether it creates a duty of care only as to the employer's own employees.[6] Although a non-employee may have a claim under § 654(a)(2) due to this split of authority, we need not reach this result since our analysis is limited to the scope of 29 U.S.C. § 653(b)(4). Section 653(b)(4) provides that

> [n]othing in this chapter shall be construed to supersede or in any manner affect any work[ers'] compensation law *or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities,* of employers and employees under any law with respect to injuries ... arising out of, or in the course of employment.

(Emphasis added.)

 Traditional principles of statutory interpretation dictate that we first look at the plain meaning of the statutory language. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 482–83, 112 L.Ed.2d 474 (1990). In construing a statute, we assume that the legislative purpose is expressed by the ordinary meaning of the words used. *Gade v. National Solid Wastes Management Ass'n,* 505 U.S. 88, ——, 112 S.Ct. 2374, 2381–82, 120 L.Ed.2d 73, 83 (1992). Further, a statute should not be construed in a manner which would defeat its legislative intent. *Id.*

In enacting § 653(b)(4), Congress intended to prevent injured employees from using OSHA to bypass state workers' compensation through a private action in federal court. A letter from the Solicitor of Labor to the

Chairman of the House Subcommittee on Labor illustrates the legislative intent in enacting § 653(b)(4):

> Dear Mr. Chairman: This is in response to your recent request for information upon which to base a reply to Mr. James E. Bailey, Legislative Counsel, American Society of Insurance Management, Inc.
>
> In his letter, Mr. Bailey expresses concern that under proposed legislation dealing with occupational health and safety "an injured employee could claim violation of the requirements of the legislation and thus bypass the applicable state workmen's compensation benefits through an action in the Federal courts."
>
> The provisions of S.2788, the Administration's proposed Occupational Safety and Health Act of 1969 would in no way affect the present status of the law with regard to workmen's compensation legislation or private tort actions.

*Pratico v. Portland Terminal Co.,* 783 F.2d 255, 266 (1st Cir.1985) (quoting Occupational Safety and Health Act of 1969: Hearings on H.R. 843, H.R. 3809, H.R. 4294, and H.R. 13373 before the Select Subcomm. on Education and Labor, 91st Cong., 1st Sess., Part 2 at 1592–93 (letter of L.H. Silberman, Solicitor of Labor)); *see also Frohlick Crane Serv., Inc. v. Occupational Safety and Health Review Comm'n,* 521 F.2d 628, 631 (10th Cir.1975) ("It would appear that by this particular provision [§ 653(b)(4) ] Congress simply intended to preserve the existing private rights of an injured employee, which rights were to be unaffected by the various sections of the Act itself.").

Both federal and state courts, interpreting the effect of 29 U.S.C. § 653(b)(4), have reached divergent results on the viability of negligence per se based on an OSHA violation. In *Ries v. National R.R. Passenger Corp.,* 960 F.2d 1156 (3d Cir.1992), the court

---

**6.** *See Teal v. E.I. DuPont de Nemours & Co.,* 728 F.2d 799 (6th Cir.1984) (holding that the general duty clause (29 U.S.C. § 654(a)(1)) imposes a duty of reasonable care on every employer to protect its direct employees from recognized hazards regardless of the employer's amount of control, and that the specific duty clause (29 U.S.C. § 654(a)(2)) protects all employees on the job site, including an independent contractor's employees, if the employer retains or exercises the requisite amount of control over the job site and has the opportunity to comply with the OSHA regulations). *But see Melerine v. Avondale Shipyards, Inc.,* 659 F.2d 706 (5th Cir.1981) (holding that OSHA's general and specific clauses only

held that an OSHA violation did not establish negligence per se under the Federal Employers' Liability Act (FELA). *Ries* concluded that "it defies reason to construe section 653(b)(4) as only precluding private actions which would bypass workers' compensation." *Id.* at 1162. Specifically, the court noted that, if a violation of an OSHA regulation could be evidence of negligence per se,

> it would be almost axiomatic that the effect would be to "enlarge or diminish or affect" the statutory duty or liability of the employer. Even if we agreed with Ries' argument that imposing negligence per se for an OSHA violation would not "enlarge" employers' liability, since it merely defines an existing duty, we are hard pressed to say that it would not "affect" liability.

*Id.* Other jurisdictions have reached the same conclusion. *See Merritt v. Bethlehem Steel Corp.*, 875 F.2d 603, 608 (7th Cir.1989) (finding that OSHA could not be used to expand or otherwise affect the common law duties or liabilities under a negligence per se theory of an employee of an independent contractor hired by the defendant because workers' compensation provided the employee's exclusive remedy); *Albrecht v. Baltimore & Ohio R.R.*, 808 F.2d 329 (4th Cir. 1987) (finding that an OSHA violation did not constitute negligence per se); *Pratico*, 783 F.2d at 256 (reviewing the scant legislative history behind 29 U.S.C. § 653, and holding that the words "enlarge, diminish, or affect" contained within the statute were specifically placed there to ensure that OSHA did not create a private cause of action for injured workers which would allow them to bypass workers' compensation); *Bertholf v. Burling-*

*ton Northern R.R.*, 402 F.Supp. 171, 173 (E.D.Wash.1975) (finding that an OSHA violation does not constitute negligence per se under FELA); *Hebel v. Conrail, Inc.*, 475 N.E.2d 652 (Ind.1985) (same); *Wendland v. Ridgefield Const. Servs., Inc.*, 184 Conn. 173, 439 A.2d 954, 956–57 (1981) (holding that a negligence per se jury instruction based on a violation of OSHA was erroneous because such an instruction "affects [the] common law rights, duties and liabilities of employers and employees"). *But cf. Teal v. E.I. DuPont de Nemours & Co.*, 728 F.2d 799, 802–05 (6th Cir.1984) (holding that, once an employer is deemed responsible for complying with OSHA regulations, it is obligated to protect every employee who works at its workplace, and allowing a negligence per se instruction based on an OSHA violation but not considering the impact of 29 U.S.C. § 653); *Sanchez v. Galey*, 112 Idaho 609, 733 P.2d 1234 (1986) (allowing negligence per se based on an OSHA violation where the injured worker is an employee of the defendant); *Kelley v. Howard S. Wright Const. Co.*, 90 Wash.2d 323, 582 P.2d 500, 508 (1978) (holding that the general contractor, who had by contract assumed responsibilities for safety, had a duty to comply with the OSHA regulations as to an employee of a subcontractor who fell from a building under construction while laying the metal decking on the structural beams);[7] *Koll v. Manatt's Transp. Co.*, 253 N.W.2d 265, 270 (Iowa 1977) (ruling that a violation of an OSHA regulation by an employer is negligence per se as to his employee without discussing the effect of the state statute equivalent to 29 U.S.C. § 653(b)(4)).

---

regulate an employer's obligation to provide safe work conditions for its immediate employees).

7. Canape urges us to rely on *Kelley*. We do not find *Kelley* dispositive as to the factual situation presented in this case. In *Kelley*, a subcontractor's employee brought a negligence action against the general contractor for injuries sustained from falling twenty-nine feet onto a concrete floor. 582 P.2d at 503. The employee alleged that the general contractor was negligent in failing to provide a safety net, which, he claimed, was required by an OSHA safety regulation. The distinguishing factor in *Kelley*, in contrast to our case, was that the general contractor's contract with the job site owner provided that the general contractor would be responsible

for "initiating, maintaining and supervising all safety precautions and programs in connection with the work" and for "erect[ing] and maintain[ing] as required by existing conditions and progress of the work, all reasonable safeguards for safety and protection." *Id.* at 506.

The court concluded that the general contractor owed a duty to the subcontractor's employees to "provide a reasonably safe workplace and reasonable safety equipment" based upon its contractual agreement. *Id.* at 507. Further, the court determined that, because the general contractor had supervisory authority over the employee's workplace, he had a duty to comply with OSHA regulations and his violation of the applicable OSHA regulation constituted negligence per se. *Id.* at 508.

In our opinion, the court of appeals' interpretation of § 653(b)(4) is reasonable and is consistent with the legislative intent. As noted in *Wendland*, 439 A.2d at 956, a negligence per se instruction transforms the character of the factfinder's inquiry. Had the jury in this case been given a negligence per se instruction, it would have altered the general contractor's duty at common law—to exercise reasonable care—by increasing his burden under OSHA. The applicable standard of care would therefore be affected by such an instruction, and a general contractor's liability depends upon which standard of care is applied. Accordingly, Petersen's common law tort liability would be enlarged by allowing Canape to proceed with a negligence per se theory.

We hold that the trial court correctly refused to instruct the jury on the issue of negligence per se. Accordingly, we affirm the court of appeals' ruling on this issue.

MULLARKEY, J., dissents, and KIRSHBAUM, J., joins in the dissent.

Justice MULLARKEY dissenting:

The majority holds that violation of regulatory standards issued pursuant to the Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.* (1988) (OSHA), does not constitute negligence per se. Because I believe that application of OSHA standards to negligence analysis does not expand or enlarge the rights of injured parties, I respectfully dissent from the majority opinion.

Much of the majority's analysis focuses on section 653(b)(4) of OSHA, which provides that:

[n]othing in this chapter shall be construed to supersede or in any manner affect any workman's compensation law or *to enlarge or diminish or affect in any other manner the common law or statutory rights,*

*duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.*

(emphasis added). The provision has been construed as precluding the creation of a new federal cause of action against either a plaintiff's employer or a third party. *Sanchez v. Galey,* 112 Idaho 609, 733 P.2d 1234, 1243 (1986); *Melerine v. Avondale Shipyards, Inc.,* 659 F.2d 706, 709 (5th Cir.1981). At the same time, however, this provision is not intended to reduce any of the existing private rights of an injured employee. *Frohlick Crane Serv., Inc. v. Occupational S & H.R.C.,* 521 F.2d 628, 631 (10th Cir.1975).

Using OSHA standards to establish negligence per se does not enlarge or diminish the common law rights of an employee or employer. The case now before us was originally pled and has been appealed as a negligence case. To prove negligence, the plaintiff must establish: a duty owed by the defendant to the plaintiff, a breach of that duty, injury to the plaintiff, and proximate cause between the breach and the injury. *Casebolt v. Cowan,* 829 P.2d 352 (Colo.1992). The duty of a defendant may be:

(a) established by a legislative enactment or administrative regulation which so provides, or

(b) adopted by the court from a legislative enactment or an administrative regulation which does not so provide, or

(c) established by judicial decision, or

(d) applied to the facts of the case by the trial judge or jury, if there is no such enactment, regulation, or decision.

Restatement (second) of Torts § 285.[8] Accordingly, the violation of a statute or regulation may constitute a breach of a duty. *See*

---

**8.** Comment b to this section states:
In any or all of these respects the standard of conduct may be defined and established by a legislative enactment which lays down requirements of conduct, and provides expressly or by implication that a violation shall entail civil liability in tort. In such case the only questions that can arise as to the effect of the statute are as to its constitutionality and construction....

Comment c adds:
Even where legislative enactment contains no express provision that its violation shall result in tort liability, and no implication to that effect, the court may, and in certain types of cases customarily will, adopt the requirements of the enactment as the standard of conduct necessary to avoid liability for negligence.

*Lyons v. Nasby,* 770 P.2d 1250, 1257 (Colo. 1989). In Colorado, the violation of a statute or regulation is negligence per se if it is established that the violation proximately caused the injury, that the plaintiff is a member of the class that the statute or regulation intended to protect, and that the injuries suffered were of a kind that the statute was enacted to prevent. *Id.; State v. Moldovan,* 842 P.2d 220, 228 (Colo.1992).[9]

Negligence per se does not shift the rights or liabilities of employers or employees when an action in general negligence exists. The only difference between negligence per se and general negligence is the method of determining the applicable standard of care. To prevail in a negligence case, the plaintiff still must prove that he or she was injured and that the conduct of the defendant was the proximate cause of the injury.

A negligence cause of action is permitted under state common law and is not an independent private right of action under OSHA. Rather, OSHA may be used to establish the minimum standards within the industry to ensure safety, a purpose which OSHA wholly endorses. 29 U.S.C. § 651(b).[10] The other elements, causation and proof that OSHA intends to protect the injured party, must be proven for negligence per se to be effective.

Thus, before a violation of an OSHA regulation could be considered negligence per se, the plaintiff must have an independent cause of action based on statute or the common law. *Pratico v. Portland Terminal Co.,* 783 F.2d 255, 265 (1st Cir.1985). Allowing OSHA regulations to determine standards of care should not be viewed as expanding rights or liability. *Id.; Dixon v. International Harvester Co.,* 754 F.2d 573, 581 (5th Cir.1985)

(holding that OSHA may be used as a standard of care when the underlying cause of action is based on state common law or a federal statute); *National Marine Service, Inc. v. Gulf Oil Co.,* 433 F.Supp. 913, 919 (E.D.La.1977), *aff'd* 608 F.2d 522 (5th Cir. 1979) (holding that OSHA regulations impose duties of care on employers to ensure a safe workplace).

Since the plain language of OSHA does not prohibit use of its standards as negligence per se, the majority must turn to the legislative history to support its interpretation of OSHA. The available legislative history, however, does not support the majority opinion. Rather, the legislative history of OSHA shows that Congress considered the interaction of OSHA regulations with other common law and statutory schemes only in the context of worker's compensation. *Pratico,* 783 F.2d at 266. The chair of the House Select Committee on Labor received the following letter of inquiry during the hearings preceding the enactment of OSHA:

> Some of our members are quite concerned that under proposed legislation dealing with the Occupational Health and Safety Law that an injured employee could claim violation of the requirements and thus bypass the applicable state workmen's compensation benefits through an action in the federal courts.
>
> This situation is not possible under the present law, but I do not know whether any of the proposed bills permit such a procedure.
>
> I would appreciate it very much if you would look into this matter with officials of the Department of Labor.

9. Although the trial court refused to give a negligence per se instruction on the grounds that the OSHA standard did not apply to the facts of this case, the court of appeals ruled on the more general basis that OSHA itself does not allow violations of its standards to constitute negligence per se in a state action for personal injury. My dissent addresses the court of appeals' rationale and does not consider whether the facts of this case can show a violation of the particular OSHA standard raised in the trial court.

10. This view is also supported by the extensive legislative history of OSHA. The vast majority of

legislative discussion prior to enactment of OSHA focused on the need for and the efficacy of a national standard setting organization. The general conclusion of the various members of Congress was that OSHA could be used to establish minimum standards within various industries to ensure the safety and health of workers. *See* Occupational Safety and Health Act of 1969: Hearings on H.R. 843, H.R. 3809, H.R. 4294, and H.R. 13373 before the Select Subcomm. on Education and Labor, 91st Cong., 1st Sess., part 1 & 2.

Occupational Safety and Health Act of 1969: Hearings on H.R. 843, H.R. 3809, H.R. 4294 and H.R. 13373 before the Select Subcomm. on Education and Labor, 91st Cong., 1st Sess., Part 2 at 1592 (letter of James E. Bailey, Legislative Counsel, American Society of Insurance Management, Inc.). It was in response to Mr. Bailey's letter that the Solicitor of Labor sent the following letter to the Chairman of the House Subcommittee on Labor, cited by the majority at maj. op. at 765:

> This is in response to your recent request for information upon which to base a reply to Mr. James E. Bailey, Legislative Counsel, American Society of Insurance Management, Inc.
>
> In his letter, Mr. Bailey expresses concern that under proposed legislation dealing with occupational health and safety "an injured employee could claim violation of the requirements of the legislation and thus bypass the applicable state workmen's compensation benefits through an action in the Federal courts."
>
> The provisions of S. 2788, the Administration's proposed Occupational Safety and Health Act of 1969 would in no way affect the present status of the law with regard to workmen's compensation legislation or private tort actions.

*Id.* at 1592–93 (letter of L.H. Silberman, Solicitor of Labor). According to the Solicitor's letter and the context of the inquiry letter, the purpose of the provision which our court now is construing was to prevent injured employees from using OSHA to bypass state workers' compensation laws through asserting a private right of action in federal court. The OSHA provision clearly explains that it does not create a new private right of action and that OSHA regulations do not affect state workers' compensation claims. *Pratico*, 783 F.2d at 266. The Solicitor's letter, however, does not state that application of negligence based on the violation of OSHA standards is inappropriate when a common law or statutory right of action exists against third parties. In my opinion, the Solicitor's letter presents no support for the majority opinion. Thus, I find no textual or legislative history to support the majority's construction of the OSHA provision before us.

Furthermore, a significant body of case law has found OSHA regulations to establish the applicable duty of care when applying negligence per se in both employee and non-employee contexts. *See Sanchez*, 112 Idaho at 609, 733 P.2d at 1234 (holding that OSHA may be applicable standard of care under negligence per se); *Pratico*, 783 F.2d at 255 (applying OSHA as negligence per se when cause of action exists under another federal statute); *Teal v. E.I. DuPont de Nemours & Co.*, 728 F.2d 799, 802–05 (6th Cir.1984) (holding company liable to an independent contractor under negligence per se for violation of OSHA standards); *Kelley v. Howard S. Wright Const. Co.*, 90 Wash.2d 323, 582 P.2d 500, 508 (1978) (holding that because employer has duty to maintain a safe workplace, OSHA standards can establish negligence per se); *Koll v. Manatt's Transportation Co.*, 253 N.W.2d 265, 270 (Iowa 1977) (holding that OSHA standards are appropriate for employees and nonemployees when applying negligence per se). I would follow these cases.

Based upon this analysis, I would reverse the holding of the trial court and allow a negligence per se instruction because application of the OSHA standards neither enlarges nor diminishes the rights of employees or employers. Thus, I respectfully dissent from the majority.

KIRSHBAUM, J., joins in this dissent.