# CIRCUIT COURT OF PATRICK COUNTY

Phillip Mark Beamer

v.

Claude Thompson

January 15, 2009

Case No. 02-3158

BY JUDGE G. CARTER GREER

In this personal injury case, which the plaintiff filed in the Patrick County Circuit Court, the plaintiff seeks compensatory damages as a result of injuries that he sustained when he fell off a barn roof that he was painting for the defendant. The case posits five theories of recovery but, primarily, rests upon the alleged failure of the defendant to provide a safe workplace, which is a cause of action at common law. Both parties have filed motions in limine, which the court now addresses. For the purpose of the defendant's motion, the court assumes but does not decide that the plaintiff was an employee of the defendant.

*Defendant's Motion in Limine*

The plaintiff has designated as an expert witness Kenneth D. Klamfoth, who is Vice-President of Human Resources and Safety at John S. Clark Company, Inc., a construction firm. Mr. Klamfoth teaches safety courses on the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. §§ 651 *et seq.*, and he is certified as a "competent person," an official regulatory designation, in the field of fall protection. Plaintiff's Response to Defendant's

Motion in Limine, p. 6. The plaintiff expects Mr. Klamfoth to testify essentially as follows: (1) that OSHA regulations,[1] OSHA's general duty clause,[2] and Va. Code § 40.1-51.1[3] create a community standard of care; (2) that the above statutes and regulations were enacted for the purpose of public safety; (3) that the plaintiff is in the class of persons protected by the statutes and regulations; (4) that the fall from the roof is the very type of event that the statutes and regulations were designed to prevent; and (5) that the defendant violated the community standard of care by failing to provide fall protection to the plaintiff. *See* Klamfoth Dep., pp. 3-50; Plaintiff's Answer to Defendant's Second Interrogatories.

The defendant has moved to exclude the testimony of the plaintiff's expert witness on the grounds that OSHA does not apply to this case and that Mr. Klamfoth is testifying on matters of common knowledge. With respect to the application of OSHA, there is no case on point from the Supreme Court of Virginia; however, other courts have addressed the issue. In *Taft v. Derricks*, 613 N.W.2d 190 (Wisc. App. 2000), the plaintiff was injured when she fell from a stack of hay bales in a barn. The trial court instructed the jury on OSHA's general duty clause, and the jury returned a verdict for the plaintiff. On appeal, the plaintiff argued that the general duty clause could be used to establish the standard of care, but the Court of Appeals of Wisconsin disagreed and reversed, holding "that the general duty clause is part of a regulatory regime, not a negligence standard to be applied at common law. . . ." *Id.* at 196. The Court of Appeals further stated in pertinent part as follows:

---

[1] *See* 29 C.F.R. § 1926.501(b)(1), which states that "[e]ach employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8 m.) or more above a lower level shall be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." *See also* 29 C.F.R. § 1926.501(b)(11), which states that "[e]ach employee on a steep roof with unprotected sides and edges 6 feet (1.8 m.) or more above a lower level shall be protected from falling by guardrail systems with toeboards, safety net systems, or personal fall arrest systems."

[2] *See* 29 U.S.C. § 654, sometimes called the William Steiger clause, which states in part that "[e]ach employer . . . shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees."

[3] Subsection A of this section is a codification almost *verbatim* of the general duty clause.

> Derrick's status as a small farmer also influences our rejection of the claim that his violation of an OSHA standard constitutes negligence per se. Congress has repeatedly enacted legislation that prohibits federal funds from being used to prescribe, issue, administer, or enforce any OSHA standard, rule, regulation, or order that is applicable to a farming operation that does not maintain a temporary labor camp and employs ten or fewer employees. [Citation omitted.] Thus, a small family farmer like Derricks is not subject to OSHA enforcement of either the specific standards or the general duty clause. The appropriation riders further inform on Congress's intent to insulate farmers from OSHA.

*Id.* at 196. *See also Hamilton v. Oppen*, 653 N.W.2d 678 (N.D. 2002) (trial court did not abuse discretion in excluding testimony of plaintiff's OSHA expert since defendant farmer had fewer than ten employees).

While conceding "that defendant may not be under OSHA," the plaintiff asserts instead that OSHA regulations "and other codified standards can be used as guidelines to establish and help define" the standard of care. Plaintiff's Response to Defendant's Motion in Limine, p. 8. The plaintiff relies upon *Ball v. Melsur Corp.*, 633 A.2d 705 (1993), and *Marzec-Gerrior v. D.C.P. Industries, Inc.*, 674 A.2d 1248 (1995), for the proposition that OSHA regulations are admissible as evidence of the standard of care, but these cases are distinguishable in that in neither case is the defendant a small farming operation, which is specifically exempted from OSHA. The plaintiff cites *VEPCO v. Daniel*, 202 Va. 731, 119 S.E.2d 246 (1961), and *Robbins v. Old Dominion Power Co.*, 204 Va. 390, 131 S.E.2d 274 (1963), as support for his supplemental argument that "[n]ational or industry-wide codes may be recognized as establishing the proper standard of care." However, these cases are distinguishable on their facts, since the defendant in each case is an electrical utility, which is clearly subject to OSHA. Lastly, citing *Harris v. Hampton Roads Tractor & Equipment Co.*, 202 Va. 36, 121 S.E.2d 471 (1961), the plaintiff argues that he "is entitled to a jury instruction regarding the general custom and usage in the industry." Plaintiff's Response to Defendant's Motion in Limine, p. 10. In *Harris, supra,* in which a tagline cable snapped and injured a crane operator, the Supreme Court of Virginia approved the granting of an instruction on the general custom of mounting taglines on the boom of a crane, but like the other cases cited by the plaintiff, this case is also distinguishable on its facts.

Although the plaintiff contends that "it is not [his] purpose to enforce" OSHA, Plaintiff's Response to Defendant's Motion in Limine, p. 9, it is the court's view that that is precisely what the plaintiff is attempting to do. If the court were to permit Mr. Klamfoth to opine that the defendant has violated a community standard of care that is, in fact, based solely upon OSHA regulations, this lawsuit would be transformed into a private enforcement proceeding under OSHA. The Sixth Circuit has held that, in enacting OSHA, Congress did not intend to create a private civil remedy for damages. *Russell v. Bartley*, 494 F.2d 334 (6th Cir. 1974). This court will not countenance such a remedy either.

The court grants the defendant's motion in limine. Since the issue as to whether the plaintiff is an independent contractor or an employee is a jury issue, the court takes the plaintiff's motion in limine under advisement.