## CIRCUIT COURT OF HANOVER COUNTY

Thomas R. Konow

    v.

Alfred Sletten

October 13, 2010

Case No. CL08-881

By Judge J. Overton Harris

    On October 10, 2008, Plaintiff filed suit in the Hanover County Circuit Court seeking compensatory damages as a result of injuries he sustained when he fell from the roof of a barn that was being built on Defendant's property. Plaintiff's Amended Complaint alleges that Defendant violated Occupational and Safety Health Administration ("OSHA") regulations 1926.501(a)(2) and 1926.501(b)(1). 29 C.F.R § 1926.501(a)(2) pertains to strength and support of walking areas; 29 C.F.R. § 1926.501(b)(1) pertains to fall protection. Plaintiff seeks to use the OSHA regulations at trial to establish the standard of care Defendant allegedly owed to Plaintiff. Defendant denies owing any duty of care to Plaintiff for the injuries alleged. Defendant argues that the parties did not have an employee-employer relationship and that he told Defendant to get off the roof. For purposes of Defendant's Motion, the Court assumes, but does not decide, that Plaintiff was an employee of Defendant.

    Upon Defendant's Motion *in Limine*, the Court heard oral argument on the admissibility of the cited OSHA regulations for purposes of proving the applicable standard of care. The Court took the matters under advisement. Following thorough review of the pleadings, the memoranda and briefs filed by counsel, and the law, the Court finds as follows.

    In 1970, Congress enacted OSHA in an attempt to reduce work related injuries by codifying an employer's standard of care through a series of safety and health standards. *See* 29 U.S.C. §§ 651-78 (1970). OSHA authorizes the Secretary of Labor to "enact and enforce national

occupational safety and health standards and, more broadly, to undertake investigations of company workplaces and practices in order to carry out the purposes of the Act." *Reich v. Muth*, 34 F.3d 240, 242-43 (4th Cir. 1994). OSHA has been adopted in Virginia pursuant to Va. Code § 40.1-51.1.

OSHA provides:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

29 U.S.C. § 653(b)(4). It is clear that Congress did not intend for OSHA to create a private civil remedy for damages. *Beamer v. Thompson*, 77 Va. Cir. 359, 362 (Patrick County 2009) (citing *Russell v. Bartley*, 494 F.2d 334 (6th Cir. 1974)). [T]he argument that OSHA impliedly creates a private cause of action under federal law for violation of OSHA standards has been rejected by every state and federal court in which it has been advanced, including the Fourth Circuit." *Trowell v. Brunswick Pulp & Paper Co.*, 522 F. Supp. 782, 783 (D. S.C. 1981). However, courts are split on the issue of admissibility of OSHA standards in personal injury cases to establish the standard of care, and the Virginia Supreme Court has not specifically ruled on the issue.

Given that OSHA explicitly states that it shall not "diminish or affect . . . the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries . . ." the Court finds that in the present case, the standard of care is to be determined in accordance with Virginia law. It is a general principle of the law in Virginia that an employer shall use "ordinary care and diligence to provide a reasonably safe place in which his [employee] is to work, considering the character of the work in which he is engaged, and the [employer] will be held liable for injuries to the [employee] which result from the omission to use such care." *Robinson's Adm'r v. Dininny*, 96 Va. 41, 42, 30 S.E. 442 (1898). The Court finds that it would be improper for the plaintiff to attempt to prove that the defendant violated a community standard of care based solely upon OSHA regulations. *See Beamer*, 77 Va. Cir. at 362.

Therefore, the Motion *in Limine* is granted, and evidence of OSHA regulations is not admissible to establish the applicable standard of care.