## Dan DUNN d/b/a DAN DUNN ROOFING COMPANY *v.* Judge BRIMER Jr.

76-33                    537 S.W. 2d 164

Opinion delivered June 7, 1976

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for appellant.

*William R. Wilson,* for appellee.

GEORGE ROSE SMITH, Justice. This appeal is from a $25,000 judgment for the appellee in an action for personal injuries. The principal issue, presented by the direct appeal, is whether the trial judge was right in submitting to the jury, in the format of AMI Civil 2d, 601 (1974), the appellant's asserted violation of a federal safety regulation.

Brimer, the plaintiff, was employed by the general contractor as a carpenter at a building construction job in Bald Knob. Dunn, the defendant, was the roofing subcontractor. On the day of his injury Brimer was working several feet above the ground upon a scaffold that was beneath a wide eave. Dunn's employees were using a ladder that extended from the ground to the edge of the roof, passing very close to the scaffolding. Brimer testified that as he worked from one end of the scaffold to the other it was easier for him to step on and off the ladder than to crawl past it. During one such transit Brimer looked up and thought a bucket of tar was being swung toward him by one of the roofers. Brimer tried to jump aside, but the ladder, which was not fastened in place, shifted its position, causing Brimer to fall upon debris on the ground and break his ankle.

Federal regulations issued pursuant to the Occupational Safety and Health Act of 1970 (29 USCA §§ 651 et seq.) provide that portable ladders shall be fastened and that the area below them shall be kept clean. Dunn, in his contract with the general contractor, had agreed to comply with that Act. The trial judge inserted the regulations in AMI 601, telling the jury that a violation of the regulations is evidence of negligence to be considered with the other facts and circumstances.

Dunn argues that the federal regulations had nothing to do with the case, because they apply only as between employers and employees. Brimer was employed not by Dunn but by the general contractor. Hence, it is said, the regulations had no application.

We cannot agree. Of course, one element in Brimer's cause of action for negligence is the violation of a duty of care owed by Dunn to Brimer. Restatement, Second, Torts, § 281 (1965). But it is not essential that the duty be owed to Brimer as an employee of Dunn. Dunn's employees had reason to know that Brimer, in the course of his work, might step onto the ladder in just the way that he did. In fact, he had done so before, as was to be expected in the circumstances. The required duty of care existed.

In that situation the jury might consider, without regard

to any employer-employee relationship, whether Dunn's violation of the regulations was negligence. Prosser points out that "where the statute does set up standard precautions, although only for the protection of a different class of persons, or the prevention of a distinct risk, this may be a relevant fact, having proper bearing upon the conduct of a reasonable man under the circumstances, which the jury should be permitted to consider." Prosser, Torts, p. 202 (4th ed., 1971). A case in point is *Marshall* v. *Isthmian Lines*, 5th Cir., 334 F. 2d 131 (1964), where the court held that a violation of a regulation that was designed to prevent fires could also be considered as evidence of negligence in a personal injury case.

Dunn's second point for reversal is that he was entitled to a directed verdict, because Brimer was a mere licensee, to whom Dunn owed only a duty of not wilfully injuring him. The duty in question is traditionally and properly one owed to third persons by an owner or occupier of land. Dunn does not fit that category. He simply owned a ladder, which was negligently put in place by his workmen. His liability is to be tested by the principles that govern negligent conduct, not by those applicable to the passive condition of premises. *Tatum* v. *Rester*, 241 Ark. 1059, 242 Ark. 271, 412 S.W. 2d 293 (1967).

On cross appeal Brimer argues that the judgment should bear interest at the rate of 10% instead of 6%, as allowed by the trial judge. For more than a century the interest rate upon judgments was 6%, but in 1975 the legislature increased the rate to 10%, with a proviso that the trial judge "in his discretion" may reduce the rate to not less than 6%. Ark. Stat. Ann. § 29-124 (Supp. 1975). Here counsel submitted a precedent for judgment reciting the 10% rate. The judge reduced it to 6%, explaining in a letter that he understood the legal rate to be 6% in the absence of a contract for a higher rate. No other explanation for the reduction appears in the record. Hence it does not appear that the court exercised its discretion with knowledge of the 1975 statute. Consequently we think that the rate should be fixed at 10%, as the statute provides — not because the trial judge abused his discretion but because he was apparently not aware of the leeway that was open to him. The judgment is modified accordingly.

Affirmed on direct appeal, modified on cross appeal.