## C. J. HORNER, INC. v. Billy MOORE

CA 79-252                                        597 S.W. 2d 857

Court of Appeals of Arkansas
Opinion delivered April 16, 1980
Released for publication May 7, 1980.

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellant.

*Ted Boswell, P.A.,* by: *George D. Ellis,* for appellee.

GEORGE HOWARD, JR., Judge. At the request of appellee, a concrete finisher, the trial judge gave the following instruction in appellee's action for damages for personal injuries sustained when the "pouring chute", attached to the rear of appellant's ready-mix cement truck, struck appellee, who was constructing a cement driveway, as the truck moved first backward and then forward, without prior warning from either a mechanical alarm system or the aid of a signalman:

'There was in force in the state of Arkansas at the time of the occurrence a regulation which provided:

No employer shall use any motor vehicle that operates within an off-highway job site not open to public traffic and having an obstructed view to the rear, unless
(a) The vehicle has a reverse signal alarm audible above the surrounding noise level, or
(b) The vehicle is backed up only when an observer signals that it is safe to do so.

A violation of this regulation, although not necessarily negligence, is evidence of negligence to be considered by you along with all the other facts and circumstances in the case.'[1]

It is undisputed that appellant's ready-mix cement truck had an obstructed view to the rear; and the truck did not have an alarm system, nor was there a signalman on duty to aid the driver in moving the vehicle safely.

For reversal, appellant argues that the trial court erred in giving plaintiff's requested instruction number 14 and, therefore, the jury's verdict of $27,500.00 in behalf of appellee cannot stand. The thrust of appellant's argument may be summarized as: The specific regulation upon which appellee's requested instruction is predicated — 29 C.F.R. § 1926.601 (a)(b)(4) — does not apply to a ready-mix cement truck which operates on the public streets and highways as opposed to a motor vehicle that operates "exclusively on off-highway job sites not open to public traffic . . . e.g., bull-dozers, fork-lifts used in warehouse storage, portable cranes, and the like."

Section 1926.601, in relevant part, provides:

---

[1] Safety and Health regulations are standards promulgated by the United States Secretary of Labor designed to eliminate unsanitary, hazardous, or dangerous conditions in work surroundings. *See:* Occupational Safety and Health Act of 1970; 29 C.F.R. § 1926.601; *Dunn v. Brimer,* 259 Ark. 855, 537 S.W. 2d 164 (1976).

(a) *Coverage.* Motor vehicles as covered by this part are those vehicles that operate within an off-highway jobsite, not open to public traffic. The requirements of this section do not apply to equipment for which rules are prescribed in § 1926.602.[2]

(b) *General requirements.* (1) All vehicles shall have a service brake system, an emergency brake system, and a parking brake system. These systems may use common components, and shall be maintained in operable condition.

(2)(i) Whenever visibility conditions warrant additional light, all vehicles, or combinations of vehicles, in use shall be equipped with at least two headlights and two taillights in operable conditon.

(ii) All vehicles or combination of vehicles, shall have brake lights in operable condition regardless of light conditions.

. . .

(4) *No employer shall use any motor vehicle equipment having an obstructed view to the rear unless:*

(i) *The vehicle has a reverse signal alarm audible above the surrounding noise level or:*

(ii) *The vehicle is backed up only when an observer signals that it is safe to do so.* (Emphasis added).

The caption or title of § 1926.601 is plainly designated "Motor vehicles." The section also requires vehicles governed by the section, to have a service brake system, an emergency brake system, a parking brake system; and vehicles with cabs are required to be equipped with windshield and power.

---

[2] Section 1926.106 provides:

(a) *Earthmoving equipment; General* (1) These rules apply to the following types of earthmoving equipment: scrapers, loaders, crawler or wheel tractors, bulldozers, off-highway trucks, graders, agricultural and industrial tractors, and similar equipment. . . .

wipers, brake lights in operable condition, equipped with at least two taillights; and vehicles used to transport employees shall have seat firmly secured and adequate for the number of employees to be carried. Seat belts are required to be installed in all vehicles covered and must meet the standards designated by the United States Department of Transportation.

We hold that appellant's ready-mix cement truck falls within the scope and coverage of § 1926.601. It is common knowledge that ready-mix cement trucks operate on off-highway construction sites not open to public traffic; and the fact that they operate on the public streets and highways as well does not really matter.

We are persuaded that the trial court did not err in giving plaintiff's requested instruction number 14.

Affirmed.