[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST TO AMEND COMPLAINT AND OBJECTION THERETO
The plaintiff seeks to amend the complaint by adding a new sixth count directed to Profile Engineering, alleging reckless conduct by Profile Engineering and its employees; and a new seventh count directed to Profile Engineering, alleging OSHA violations. Defendant Profile Engineering objects to the addition of these two counts.
As to Count 6, Profile claims that the plaintiff has failed to allege conduct rising to the level of recklessness. The court disagrees. The plaintiff has alleged an obvious defect and goes on to state that "there was no way an employee could operate the machine and reach the adjustment mechanism other than by climbing four or five feet up onto the thin metal skirt surrounding the base of the mechanism and standing thereon to effect the said adjustment." The court believes CT Page 10496 that the plaintiff has alleged a legally sufficient cause of action for recklessness.
As to Count 7 defendant claims that the plaintiff seeks to alter the relationship between the plaintiff and Profile and thus imposes an entirely new and different duty on Profile. Defendant thus claims that the statute of limitations has run. Specifically, he claims that Profile Engineering does not have the necessary employer-employee relationship with the plaintiff that would impose OSHA liability.
The plaintiff is not seeking to change the relationship between the plaintiff and Profile and does not intend to create a new cause of action. The statute of limitations does not apply because plaintiff is basing its claim of OSHA violations upon the same single group of facts alleged in the original complaint.
Profile argues that the OSHA regulations have nothing to do with this case because they apply only as between employers and employees. The court does not agree. One element in the plaintiff's cause of action for negligence is the violation of a duty of care. It is not essential that the duty be owed to the plaintiff as an employee of Profile. The court believes the trier of fact might consider, without regard to any employer-employee relationship, whether Profile's violation of the regulations was negligence. Dunn v. Brimer, 537 S.W.2d 164.
The court holds that "[w]herever an employer is in control of an area and responsible for its maintenance a violation occurs if any employees working on the project have access to the hazard." Wendland v. Ridgefield Constitution Services, Inc., 184 Conn. 173 (1981) (emphasis added). Citing Brennan v. Underhill, 513 F.2d 1032.
The motion to amend the complaint is granted and the objection thereto is overruled
Allen, J. CT Page 10497