SOUTHERN COUNCIL OF INDUSTRIAL WORKERS; Southern Council of Industrial Workers Trust Fund, et al., Plaintiffs,

v.

Jacqueline F. FORD; Morris W. Thompson; and Valley Forge Insurance Company, Defendants.

No. LR–C–94–181.

United States District Court, E.D. Arkansas, Western Division.

Feb. 5, 1997.

Scott C. Trotter, Trotter Law Firm, P.A., Little Rock, AR, for Southern Council of Industrial Workers, Southern Council of Industrial Workers Trust Fund, plaintiffs.

Mary M. Thomason, Attorney at Law, El Dorado, AR, Arkie Byrd, Richard L. Mays, Mays, Byrd & Hicks, P.A., Michael E. Hale, Barber, McCaskill, Jones & Hale, P.A., for Jacqueline F Ford, Morris W. Thompson, Valley Forge Insurance Company, defendants.

## ORDER

WILSON, District Judge.

The issue before the Court is whether a lawyer's alleged violation of a rule of the Model Rules of Professional Conduct is evidence of fault to be considered by a jury.

Separate Defendant, Jacqueline Ford contends that Separate Defendant, Morris Thompson violated the following rule:

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advise of independent counsel in the transaction; and

(3) the client consents in writing thereto.

Model Rules of Professional Conduct, Rule 1.8 (1985).

■ This appears to be a case of first impression in Arkansas. In the preamble to the Model Rules of Professional Conduct, the Committee defines the "scope" of the rules:

Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons.... Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

This does not address the issue of whether a violation can be considered as evidence of fault. It is true that evidence of a violation of the Model Rules of Professional Conduct may not be used as a basis for

civil liability, nor may it create a presumption that a legal duty has been breached. *Orsini v. Larry Moyer Trucking, Inc.,* 310 Ark. 179, 833 S.W.2d 366 (1992). However, the Court believes that the violation *can* be introduced as some evidence of standard of care. *See, Allen v. Lefkoff, Duncan, Grimes & Dermer,* 265 Ga. 374, 453 S.E.2d 719 (1995), *Wilmington Savings Fund Society v. Dotey,* 1994 WL 146370 (Del.Super.1994), *Griva v. Davison,* 637 A.2d 830 (D.C.Ct.App.1994), Thus, evidence of failure to comply with rules of conduct can be considered, along with other evidence, in determining whether Thompson's actions constitute a breach of fiduciary duty.

In other callings, the Arkansas Supreme Court has held that a violation of an applicable statute, code, or regulation can be considered as evidence of fault. See, Arkansas Model Jury Instructions, AMI 601. For example, in *Dunn v. Brimer,* 259 Ark. 855, 537 S.W.2d 164 (1976), the Arkansas Supreme Court held that certain violations of the Occupational Safety and Health Act (OSHA) could be considered by the jury on the issue of negligence. This decision was reached despite 29 U.S.C. § 653(b)(4), which states:

> Nothing in this chapter [of OSHA] shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

It seems that a code of conduct for lawyers, promulgated by the highest court of the state, is uniquely suited to guide a trier of fact in weighing fault; and I believe the Supreme Court of Arkansas would so hold. Thus, Defendant Thomp-

son's objection to the use of Rule 1.8 for the purpose mentioned above is overruled.

Mrs. Ford's counsel has indicated that she intends to offer certain portions of the code governing judicial conduct (alleging that some of Defendant Thompson's fault occurred after he became a judge). The principles discussed above may apply, but the Court will make that determination if such evidence is proffered.