Randy A. SCOTT and Ann
C. Scott, Petitioners,

v.

MATLACK, INC.; and Conoco,
Inc., Respondents.

No. 99SC415.

Supreme Court of Colorado,
En Banc.

Jan. 14, 2002.

As Modified Feb. 4, 2002.

Downey & Knickrehm, P.C., Thomas E. Downey, Jr., Kate E. Knickrehm, Denver, CO, Attorneys for Petitioner.

Long & Jaudon, P.C., Joseph C. Jaudon, David H. Yun, Denver, CO, Attorneys for Respondent Matlack, Inc.

Wheeler Trigg & Kennedy, P.C., Hugh Q. Gottschalk, Gwen J. Young, Denver, CO, Attorneys for Respondent Conoco, Inc.

Justice BENDER delivered the Opinion of the Court.

## I. Introduction

In this case, we review and reverse the court of appeals' decision in *Scott v. Matlack*, 1 P.3d 185 (Colo.App.1999). We hold that (1) *Canape v. Petersen*, 897 P.2d 762 (Colo.1995) does not preclude the admission of Occupational Safety and Health Act evidence in a negligence suit; (2) it is proper for a trial court to admit Occupational Safety and Health Act [1] regulations as evidence of the standard of care in an industry; and (3) under the procedural circumstances of this case, the trial court's C.R.C.P. 37 sanction admitting a confidential OSHA settlement agreement is not an abuse of discretion.

Plaintiffs Randy and Ann Scott sued Defendants Matlack Trucking, Inc. and Conoco Oil Company for negligence, negligence per se, and loss of consortium after Randy Scott fell from the top of a tanker while loading hot asphalt for Matlack at Conoco's Denver facil-

---

1. For clarity, we refer to the Occupational Safety and Health Act, 29 U.S.C. §§ 651–678 (2000), as the "OSH Act" or "the Act" and regulations promulgated thereunder as "OSH Act regulations." We will refer to the Occupational Safety and Health Administration as "OSHA." Citations issued by OSHA for violations of the OSH Act or OSH Act regulations will be referred to as "OSHA citations."

ity. After a two-week trial, a jury found the defendants liable on negligence and loss of consortium claims.

In *Canape*, we held that OSH Act regulations do not create a private cause of action and therefore a plaintiff could not establish a negligence per se claim by alleging a defendant violated OSH Act regulations. *Id.* at 767.

In this case, the court of appeals reversed the trial court, holding that this court's opinion in *Canape* precludes admission of evidence related to the OSH Act in a negligence action and that the trial court abused its discretion in admitting an OSHA settlement agreement as a discovery sanction against Matlack. We reverse and remand this case to the court of appeals for return to the trial court to reinstate the jury award and judgment for the plaintiffs.

## II. Facts and Procedural History

At the time of his accident, Scott was an independent contractor in a leased operator agreement with Matlack. On June 16, 1993, Scott fell from the top of a Matlack-owned tanker truck while loading hot asphalt at Conoco's Denver facility. Scott landed head first on the ground below, suffering several fractures and head injuries.

Randy and Ann Scott filed suit against Matlack and Conoco claiming negligence, negligence per se,[2] and loss of consortium. The Scotts presented several theories of negligence against Matlack and Conoco, including that the defendants failed to provide safe equipment, to train and monitor Scott on safe loading techniques, and to follow industry standards regarding the maintenance and operation of their facilities and equipment.

Before trial, discovery disputes arose between Matlack and the Scotts, resulting in the trial court issuing C.R.C.P. 37 sanctions against Matlack. The Scotts first served Matlack with requests for production in October 1995. Two requests that sought information and documents related to other accidents occurring at Matlack facilities

throughout the country became the subject of the C.R.C.P. 37 sanction.

Matlack responded to the Scotts' requests for production with partial answers and general objections. Matlack objected to the Scotts' requests on grounds that the number of requests exceeded the statutory limit and that certain requests were vague, overbroad, not reasonably calculated to lead to discovery of admissible evidence, that they sought irrelevant documents, and that any response would be burdensome and oppressive. In response to the first objection, the trial court ruled that the new rules of procedure effective in 1995, limiting the number of discovery requests, do not apply to this case because it was filed before the new rules became effective.

Throughout the next year, the Scotts corresponded with Matlack in an attempt to acquire Matlack's responses and the documents requested. Matlack would occasionally respond with a smattering of documents requested by the Scotts but with no indication to which requests the documents were responsive.

Additionally, Matlack's responses were vague and evasive. For example, in response to the question regarding falls at other Matlack facilities nationwide, Matlack responded that it knew of no other falls at the Denver plant and that if the Scotts knew the names of claimants against Matlack, the company could more easily find documents on those falls. In a belated response to one discovery question, Matlack answered that it knew of no citation issued to Matlack by OSHA for falls at Matlack facilities. However, documents produced by Matlack two weeks before trial revealed that Matlack had been cited by OSHA a few months before Scott's accident for a fall at Matlack's Connecticut facility.

In settlement of the citation, OSHA and Matlack had entered into an agreement that required Matlack to remedy the hazardous conditions which caused the fall and restricted the use of the settlement "for the purpose

---

**2.** The negligence per se claim was dropped from the case when the trial court refused to tender

the Scotts' negligence per se jury instruction.

of settling this matter ... and ... not ... for any [other] purpose."

Further, a deposition close to trial revealed that falls had occurred at other Matlack facilities. Matlack assured the Scotts it would provide documents related to the other falls and the citation.

Over a year after the discovery responses were due, the trial court issued its first order to compel discovery under C.R.C.P. 37(a)(2).[3] Three months later the court issued its second order to compel against Matlack. Two weeks before trial, Matlack delivered several thousand pages of documents in response to the Scotts' requests for production. However, as the trial court ruled, these documents were still incomplete answers to the Scotts' requests for production regarding other accidents.

Matlack did not provide the requested documents to the Scotts who then filed for a default judgment against Matlack for failure to comply with the court's two orders to compel.

The trial court denied the Scotts' motion for default but ordered sanctions against Matlack, finding "Matlack ha[d] disregarded its discovery obligations and ha[d] disobeyed particularly the order entered by [the court] ... and ha[d] been less than forthright in ... answering [particular discovery requests]." The court directed Matlack to produce all materials related to other accidents, including the Connecticut accident.

As additional sanctions, pursuant to the authority granted to it by C.R.C.P. 37(b)(2)(B),[4] the trial court ordered as follows: (1) evidence related to certain other accidents would be "admissible [at trial] to the extent plaintiffs want to make use of it"; (2) the OSHA citation for the Connecticut accident and OSH Act regulations in general would be admissible relevant to the Scotts'

negligence and negligence per se claims; (3) Matlack could cross-examine and impeach the Scotts' witnesses about the other accidents but could not offer its own evidence; and (4) the Scotts would be awarded the fees incurred in obtaining the files on the other accidents.

At this time, Matlack objected to admissibility of the settlement agreement with OSHA only on relevance grounds. At no time did Matlack object to the Scotts' discovery requests, which were pending for over a year, on the ground that the settlement agreement was confidential or privileged; nor did Matlack move for a protective order under C.R.C.P. 26(c) as required by C.R.C.P. 37(d) regarding the settlement agreement.

In sanctioning Matlack, the trial court expressly stated that the sanctions applied only to Matlack and were not imposed to prejudice Conoco. To that end, the court told Conoco's attorneys that they may need to request limiting instructions as the evidence was presented or before jury deliberation.

All parties agreed that OSH Act regulations apply generally to both Matlack's and Conoco's facilities and business activities. Throughout the trial, all parties offered evidence related to the OSH Act and OSH Act regulations through direct or cross-examination of witnesses. The Scotts also presented evidence of the OSHA citation issued to Matlack for the Connecticut accident.

Through expert testimony, both defendants established that OSHA did not issue a citation to Conoco or Matlack for violations of OSH Act regulations relating to Scott's accident.

At the close of evidence, the trial court refused to give the Scotts' proposed jury instruction on negligence per se, ruling that this court's holding in *Canape* precluded such an instruction.[5] The court, instead, gave an

---

**3.** C.R.C.P. 37(a)(2) provides, "A party, upon reasonable notice to the other parties and all other persons affected thereby, may apply for an order compelling disclosure or discovery...."

**4.** C.R.C.P. 37(b)(2) provides that a party failing to comply with discovery orders may be sanctioned "in regard to the failure as [is] just" and subsection (B) further allows that the sanction may include "[a]n order refusing to allow the

disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence."

**5.** The parties agree that *Canape* precludes using the OSH Act to establish a claim for negligence per se and that the trial court correctly ruled on this issue.

instruction on general common-law negligence [6] regarding Matlack and an instruction on the liability of a premises owner to an invitee [7] regarding Conoco. The jury instructions did not reference the OSH Act or other federal safety regulations. Neither Matlack nor Conoco requested jury instructions that would limit the purpose for which the jury could consider the OSH Act evidence and the OSHA citation. Likewise, Conoco never requested an instruction to clarify that the OSHA citation for the Connecticut accident was issued to Matlack and had no bearing on the determination of Conoco's negligence.

During deliberations, the jury requested a copy of applicable OSH Act and Department of Transportation ("DOT") regulations. The court denied the request, noting the regulations were never entered into evidence but only discussed through witnesses.

On appeal, both defendants argued that the trial court improperly admitted testimony about OSH Act regulations as evidence in a negligence suit. Matlack further argued that the trial court's admission of its Connecticut accident citation from OSHA as a discovery sanction constituted an abuse of discretion by the trial court.

The court of appeals reversed, holding the trial court's admission of OSHA-related evidence against Matlack and Conoco was erroneous. Relying on this court's decision in Canape, the court of appeals reasoned that, although the trial court ultimately refused the Scotts' negligence per se instruction, the case was essentially tried under a negligence per se theory. The court of appeals noted that the jury requested OSH Act and DOT regulations during deliberations and concluded that this request demonstrated the jury was confused by the many references to the OSH Act during trial. Therefore, the court held that it was reversible error for the trial court to admit OSHA evidence against Matlack and Conoco from the outset.

Additionally, the court of appeals held that the trial court's discovery sanctions against Matlack constituted an abuse of discretion and the trial court's admission of OSHA evidence could not be justified under the guise of a discovery sanction.

The Scotts appealed. We granted certiorari to determine whether the court of appeals improperly extended this court's holding in Canape and if all OSHA-related evidence must be excluded in a negligence suit.[8]

### III. Analysis

### A. Introduction

The court of appeals' opinion refers generally to OSHA-related evidence but does not differentiate between OSH Act regulations and the OSHA citation issued to Matlack. For purposes of analysis, we separate the admissibility of OSH Act regulations generally from the question of whether the specific OSHA citation was admissible in this case.

Hence, to resolve the issue before the court on certiorari, we consider two distinct questions: (1) whether Canape precludes admission of OSH Act regulations in this negligence case against Matlack and Conoco independent of C.R.C.P. 37 sanctions; and (2) whether, under the procedural circumstances of this case, it was within the trial court's discretion to permit admission of the confidential OSHA Matlack settlement agreement against Matlack as a discovery sanction. We

---

6. The instruction was based on CJI 3d 9:1, "The plaintiff suffered injuries, damages, and loss; the defendant was negligent; and the defendant's negligence was the cause of the plaintiff's injuries, damages, and losses."

7. The instruction was based on CJI 3d 12:5D, "The plaintiff incurred injuries, damages and losses; the defendant actually knew about a danger on the property or, as a person using reasonable care, should have known about it; the defendant failed to use reasonable care to protect against the danger on the property; and the

defendant's failure was a cause of the plaintiff's injuries, damages and losses."

8. We granted certiorari on the question:

Whether the court of appeals erred when, relying on this Court's decision in Canape v. Petersen, 897 P.2d 762 (Colo.1995), it held that any evidence relating to the Occupational Safety and Health Act of 1970, 29 U.S.C. [§ ]651, et seq., (OSHA), is inadmissible in a negligence action.

conclude that the trial court ruled correctly on both issues.

## B. Admissibility of OSH Act Evidence in a Negligence Action

■ Defendants Matlack and Conoco argue that the *Canape* opinion and the express limiting language of the OSH Act dictate that the OSH Act cannot be used as evidence of negligence. They argue the language of OSH Act section 653(b)(4) conclusively prohibits trial courts from admitting OSHA-related evidence in a civil case for any reason. Upon review of authorities and case law from other jurisdictions, we are not persuaded by Matlack and Conoco's argument. We hold that section 653(b)(4) and the *Canape* decision only preclude the use of the OSH Act as the basis of a negligence per se case and do not preclude the admission of OSH Act regulations in a negligence action as some, non-conclusive, evidence of the standard of care in the relevant industry.

### 1. Negligence vs. Negligence Per Se

■ As background, we start with an explanation of negligence and negligence per se. To establish a common-law negligence claim, the plaintiff must show that the defendant owed the plaintiff a legal duty to conform to a standard of care, the defendant breached that duty, the plaintiff suffered injury, and there is a causal relationship between the breach and the injury. *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 929 (Colo.1997); *Lyons v. Nasby*, 770 P.2d 1250, 1254 (Colo.1989); *Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239, 242 (Colo.1987).

■ The defendant owes a duty to act when it is reasonably foreseeable that the failure to act will create an unreasonable risk of harm to another. *Lyons,* 770 P.2d at 1254. A defendant's duty is based on the standard of care owed by a reasonable person in the defendant's position. *Bayly, Martin & Fay, Inc.,* 739 P.2d at 242. When the defendant and the plaintiff are part of an industry that conforms to certain well-established safety customs, the jury may consider the customs as non-conclusive evidence of reasonable care the defendant should follow in that industry.

*Gerrity Oil & Gas Corp.,* 946 P.2d at 932; Dan B. Dobbs, *The Law of Torts* § 164 (2000)

■ In contrast to negligence, negligence per se occurs when the defendant violates a statute adopted for the public's safety and the violation proximately causes the plaintiff's injury. *Lyons,* 770 P.2d at 1257; *see also* CJI 4th 9:14. To recover, the plaintiff must also demonstrate that the statute was intended to protect against the type of injury she suffered and that she is a member of the group of persons the statute was intended to protect. *Lyons,* 770 P.2d at 1257. If the statute applies to the defendant's actions, then the statute conclusively establishes the defendant's standard of care and violation of the statute is a breach of his duty. *Gerrity Oil & Gas Corp.,* 946 P.2d at 930–31.

### 2. The OSH Act and Negligence

OSH Act section 653(b)(4) provides that the statute may not be used to enlarge, diminish, or affect an employee's or employer's common-law liability:

> Nothing in this Act shall be construed to supersede or in any manner affect any workmen's compensation law or to *enlarge or diminish or affect* in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

29 U.S.C. § 653(b)(4) (2000) (emphasis added).

In *Canape,* we followed a majority of courts that have ruled a defendant may not be held negligent merely with proof that he violated an OSH Act regulation. *Canape,* 897 P.2d at 766–67. We held that OSH Act section 653(b)(4) bars the use of OSH Act regulations to establish a negligence per se claim. *Id.* (collecting cases).

The *Canape* court and the others that have considered the effect of section 653(b)(4) in the context of negligence per se suits have concluded that to use the OSH Act to establish a negligence per se claim would "affect"

or "enlarge" an employer's duty beyond that of the common law in violation of section 653(b)(4) because the OSH Act would actually create the defendant's duty. Therefore, we held, the OSH Act cannot be used as conclusive evidence of the standard of care a defendant owes to a plaintiff. *Id.; see also Jones v. Spentonbush–Red Star Co.,* 155 F.3d 587, 595–96 (2d Cir.1998); *Ries v. Nat'l R.R. Passenger Corp.,* 960 F.2d 1156, 1161–62 (3d Cir.1992); *Toll Bros. v. Considine,* 706 A.2d 493, 498 (Del.1998). *But see Pratico v. Portland Terminal Co.,* 783 F.2d 255, 265 (1st Cir.1985) (holding violation of OSH Act may be basis of negligence per se claim).

However, *Canape* did not address whether section 653(b)(4) precludes a plaintiff from using OSH Act regulations in a negligence action as some evidence of a defendant's negligence. The Scotts argue that OSH Act evidence may be used to provide non-conclusive, or some, evidence of the industry standard with which a reasonable person in the defendants' industry should comply.

Many jurisdictions that prohibit the use of OSH Act regulations to establish a negligence per se claim permit the use of OSH Act regulations in a negligence case as some evidence of the standard of care in the defendant's industry. *See Jones,* 155 F.3d at 596; *Ries,* 960 F.2d at 1165; *Rolick v. Collins Pine Co.,* 975 F.2d 1009, 1015 (3d Cir.1992); *Wendland v. Ridgefield Constr. Servs., Inc.,* 184 Conn. 173, 439 A.2d 954, 957–58 (1981); *Toll Bros.,* 706 A.2d at 498; *Wiersgalla v. Garrett,* 486 N.W.2d 290, 293 (Iowa 1992).

The question of whether OSH Act regulations may be admitted as some evidence of the industry standard in a negligence case turns on two issues. The first is whether the OSH Act, as a safety statute, may be borrowed as evidence of the standard of care in the defendants' industry. The second issue is whether the language of section 653(b)(4), "[n]othing in this Act shall ... enlarge or diminish or affect in any manner the common law or statutory ... duties, or liabilities of employers and employees," excludes OSH Act regulations from general rules regarding the borrowing of safety statutes.

We turn to the question of whether using, or borrowing, regulations or statutes as some evidence of the standard of care in an industry is permissible. Such use has been permitted in some of our cases. We held in *Yampa Valley Electric Association, Inc. v. Telecky,* 862 P.2d 252, 257 (Colo.1993), that evidence of industry standards is relevant and admissible to determine whether a defendant complied with the duty of care he owed the plaintiff.

In addition, the court of appeals in *Miller v. Solaglas California, Inc.,* 870 P.2d 559, 567 (Colo.App.1993) (citing *Union Supply Co. v. Pust,* 196 Colo. 162, 583 P.2d 276 (1978)), held that a Federal Motor Vehicle Safety Standard regulation regarding windshields was admissible even though it did not directly apply to the vehicle in question. The court of appeals reasoned "safety codes and standards are admissible when offered in support of expert testimony and when introduced as objective safety standards generally recognized and accepted as such in the type of industry involved." *Id.; see also Bennett v. Greeley Gas Co.,* 969 P.2d 754, 760 (Colo. App.1998) (holding a relevant safety regulation may be admissible as evidence of defendant's negligence if it gives "some indication of the standard of care at the time of the alleged negligence") *cert. denied,* 1999 Colo. LEXIS 39 (Colo. Jan. 11, 1999).

■ In a negligence case in which a plaintiff seeks to borrow a safety statute as some evidence of the standard of care in defendant's industry, we adopt the reasoning in *Miller.* Therefore, to be admissible in such a situation, the safety standards must be relevant, offered in support of expert testimony, objective, and recognized and accepted in the industry involved.

We now apply these guidelines to this case. Relevant evidence is evidence that tends to prove or disprove a material fact. CRE 401. Whether Conoco's facilities and Matlack's trucks were equipped with adequate fall protection was a heavily disputed issue of fact in this case. OSH Act regulation 1910.23(c) [9]

9. 29 C.F.R. § 1910.23(c) and (c)(1) (2001) provide:

Protection of open-sided floors, platforms, and runways. Every open-sided floor or platform

requires that walkways more than four feet off the ground must have a protective railing in place. This regulation is relevant because it could have been helpful to the jury in determining if the defendants complied with the industry standard regarding fall protection.

Further, OSH Act regulations were offered in support of expert testimony. Expert witnesses testified extensively about OSH Act regulations with regard to, *inter alia,* the tops of tankers, walkways, Conoco's facility, and fall protection. All parties presented evidence and argued that the OSH Act does or does not apply to the facts of this case. Specific regulations were not entered into evidence but were discussed extensively by various witnesses.

Finally, the OSH Act is a generally accepted statutory scheme that reflects current ideas in the field of safety and health issues related to employment. 29 U.S.C. § 675 (2000).[10] *Wal–Mart Stores, Inc. v. Seale,* 904 S.W.2d 718, 720 (Tex.App.1995) (noting OSH Act standards are "the cumulative wisdom of the industry on what is safe and what is unsafe"). All parties to this case agreed that the OSH Act applies generally to the defendants' industries, work sites, and facilities. Specifically, OSH Act regulation 1910.23(c) describes a safety design that could apply to the tops of tanker trucks.[11] If viewed simply as safety standards, then OSH Act regulations meet the criteria for admissibility as

evidence of standard of care in the relevant industry.

However, Matlack and Conoco argue that the usual rules for admitting a safety statute are rendered inapplicable by the express limiting language of OSH Act section 653(b)(4). The defendants argue that this section restricts OSH Act regulations from being used as evidence, for any reason, in a civil suit. They argue that even borrowing the OSH Act as some evidence of industry standards affects and enlarges an employer's duty.

There is some precedential support for the defendants' position. For example in *Merritt v. Bethlehem Steel Corp.,* 875 F.2d 603, 609 (7th Cir.1989), the Seventh Circuit held that worker's compensation was an injured employee's only remedy and that OSH Act regulations could not be used as evidence of "an expanded standard of care" in a negligence suit.

However, few jurisdictions excluding OSH Act evidence from a negligence suit have done so because section 653(b)(4) absolutely bars use of the OSH Act in civil cases. Instead, those jurisdictions tend to cite controlling statutes or case law particular to their jurisdiction for excluding OSH Act evidence.[12]

Our review of authorities and case law from other jurisdictions reveals three generally accepted conclusions: (1) the OSH Act does not create a federal private cause of action and cannot be used as the sole basis of

---

4 feet or more above adjacent floor or ground level shall be guarded by a standard railing ... on all open sides except where there is entrance to a ramp, stairway, or fixed ladder.

**10.** For example, the OSH Act requires that during each Congressional session:

[T]he Secretary and the Secretary of Health and Human Services shall ... submit to the President ... a report upon the subject matter of this chapter, the progress toward achievement of the purpose of this chapter, the needs and requirements in the field of occupational safety and health, and any other relevant information. Such reports shall include information regarding occupational safety and health standards, and criteria for such standards, developed during the preceding year; ... an analysis of major occupational diseases; evaluation of available control and measurement

technology for hazards for which standards or criteria have been developed during the preceding year....
29 U.S.C. § 675 (2000).

**11.** There was conflicting evidence at trial regarding whether this and other OSH Act regulations apply to the tops of tanker trucks.

**12.** *See, e.g., Sumrall v. Mississippi Power Co.,* 693 So.2d 359, 367 (Miss.1997) (holding that OSH Act regulations are inadmissible as evidence of the appropriate standard of care to prove negligence because state law precludes admission of governmental safety codes not adopted by state legislature); *Lynch v. Reed,* 284 Mont. 321, 944 P.2d 218, 223–24 (1997) (holding OSH Act inadmissible as evidence of standard of care because OSH Act does not apply when plaintiff was not employee of defendant and other workers onsite were independent contractors).

a negligence or negligence per se claim;[13] (2) the OSH Act cannot be used to establish a state negligence per se claim because of the language in section 653(b)(4); and (3) the OSH Act may be admitted in a negligence action as some evidence of the standard of care required of defendant.[14]

However, most courts, including this court, that have closely examined the meaning of section 653(b)(4) have done so only in the context of negligence per se claims. *See e.g., Canape*, 897 P.2d at 766. Our research reveals that very few courts have expressly faced the issue of whether the limiting language of section 653(b)(4) precludes borrowing of OSH Act regulations in a negligence suit as some evidence of the applicable standard of care.

■ Because this is a question of statutory interpretation, we first look to the plain meaning of the statutory language. *Id.* at 765. In *Canape*, we thoroughly examined the meaning of section 653(b)(4) and determined that the legislative history reveals that the primary intent behind the section was to "prevent injured employees from using OSHA to bypass state workers' compensation through a private action in federal court." *Id.* Other jurisdictions agree with our interpretation. *Id.*

Despite this construction of legislative history, the question remains whether borrowing the OSH Act as some evidence of the standard of care enlarges or affects the defendants' duty under the common law in a negligence suit. While the language of section 653(b)(4) is expansive, there is no evidence to suggest the Congress intended for evidence of OSH Act regulations to be absolutely barred from civil cases.

In construing this section, we face a logical conundrum. The broad reading of section 653(b)(4) that the defendants urge would require us to conclude that borrowing OSH Act regulations to aid the jury in determining whether a defendant complied with the industry standard, "enlarges" the defendant's liability.

On the other hand, excluding OSH Act regulations might cause an equally impermissible result. If a defendant is permitted to exclude OSH Act regulations based on the defendant's proposed reading of section 653(b)(4), then the jury is left with fewer tools to determine the standard of care with which the defendant should have complied. Restricting the jury in this way would effectively "diminish" the defendant's liability.

We note that the Restatement of Torts generally supports borrowing of administrative regulations to inform the industry standard. Restatement (Second) of Torts § 288B cmt. d (1965) ("[T]he requirements of administrative regulations are not adopted by the court as defining a definite standard of conduct in negligence actions, but are accepted as affording relevant evidence.").

Ultimately, we agree with the rationale of the Third Circuit, which concluded that "[e]vidence of an OSHA violation, in and of itself, does not 'affect' liability; it is the inferences that the trier of fact draws from the evidence that 'affect' liability." *Ries*, 960 F.2d at 1162 n. 5. We also agree with the Third Circuit's conclusion that borrowing of OSH Act regulations in a negligence action is not the same as applying the regulations to the case. *Id.* This rationale is consistent with Colorado precedent, discussed above, that allows the admission of safety regulations as some evidence of negligence in other contexts.

---

**13.** Mark A. Rothstein, *Occupational Safety and Health Law*, § 502 (4th ed.1998).

**14.** *See, e.g., Horne v. Owens–Corning Fiberglas Corp.*, 4 F.3d 276, 282 (4th Cir.1993) (admitting OSH Act regulations as industry standard); *Hammond v. Int'l Harvester Co.*, 691 F.2d 646, 651 (3d Cir.1982) (admitting OSH Act as evidence of proper safety equipment even though tractor manufactured prior to promulgation of Act); *Hicks v. Crowley Mar. Corp.*, 538 F.Supp. 285, 291 (S.D.Tex.1982) (permitting use of OSH Act regulations as some evidence relevant to noise levels reasonably prudent tugboat owner would allow on his tugboat); *Dunn v. Brimer*, 259 Ark. 855, 537 S.W.2d 164, 166 (1976); *Wendland v. Ridgefield Constr. Servs., Inc.*, 184 Conn. 173, 439 A.2d 954, 957–58 (1981); *Disabatino Bros. v. Baio*, 366 A.2d 508, 511 (Del. 1976); *Pease v. Zazza*, 295 N.W.2d 43, 48 (Iowa 1980); *Marzec–Gerrior v. D.C.P. Indust., Inc.*, 164 Vt. 569, 674 A.2d 1248, 1249 (1995); *Ball v. Melsur Corp.*, 161 Vt. 35, 633 A.2d 705, 712 (1993).

Thus, we hold that once a trial court determines that a defendant could owe a plaintiff a duty under Colorado law, the jury should be permitted to hear evidence of OSH Act regulations as some indication of the standard of care with which a reasonable person in the defendant's position should comply.

### 3. Application

Having determined that it is permissible for a trial court to admit OSH Act regulations as evidence of the standard of care in the industry in a negligence action, we turn now to whether the trial court abused its discretion in this case when it admitted OSH Act regulations to show the standard of care in Matlack's and Conoco's industries.

Subject to the rules of evidence, the trial court has broad discretion to admit relevant evidence. CRE 401–403. *People v. Quintana*, 882 P.2d 1366, 1371 (Colo.1994). If the trial court does not abuse its discretion, then its evidentiary rulings will be affirmed. *Id.*

Although the defendants could not have been found negligent solely because they did not comply with section 1910.23(c), there is no reason why the jury could not consider the defendants' failure to follow generally accepted industry standards, as reflected in OSH Act regulations, along with other evidence of the defendants' negligence. We conclude that OSH Act regulations were properly admitted to show whether Matlack's tankers and Conoco's facility adequately met the industry standards regarding fall protection. Hence, we hold that the trial court did not abuse its discretion by admitting evidence of OSH Act regulations and reverse the court of appeals on this issue.

### 4. Class of Persons Protected by the OSH Act

Conoco and Matlack assert that even if this court were to decide that the OSH Act

may be admitted as evidence in a negligence case, the Act is not relevant to the Scotts' claims. They argue that Scott is an independent contractor and, as such, is not within the class of persons protected by the OSH Act, which refers only to the employer-employee relationship.[15] We disagree with this argument.

Turning to other jurisdictions' precedent for guidance, we note that most jurisdictions hold that OSH Act regulations are admissible despite the relationship between the parties. *Dunn v. Brimer*, 259 Ark. 855, 537 S.W.2d 164, 166 (1976) (holding jury may consider violations of the OSH Act as evidence of negligence "without regard to any employer-employee relationship"); *Thoma v. Kettler Bros., Inc.*, 632 A.2d 725, 730 (D.C.App.1993); *Wal–Mart Stores*, 904 S.W.2d at 720 ("While OSHA was written to protect employees[,] ... [s]afety principles don't change depending on whether the victim is an employee, a customer or a passerby."); *Ball v. Melsur Corp.*, 161 Vt. 35, 633 A.2d 705, 712 (1993) ("These general principles are not ... limited to the 'employer-employee' relationship as defined in OSHA ..., though OSHA ... penalties for their violation would follow only where those statutes apply."). *But see Melerine v. Avondale Shipyards*, 659 F.2d 706, 711 (5th Cir.1981) (holding the class protected by OSHA regulations comprises only employers' own employees); *Lynch v. Reed*, 284 Mont. 321, 944 P.2d 218, 223–24 (1997).

These cases articulate many bases for the rationale that the OSH Act and OSH Act regulations are not limited to only the employer-employee situation. We find convincing two reasons for admitting the OSH Act as some evidence of the relevant industry's standard of care: (1) when borrowing a statute that does not carry the force of law, courts are not restricted by the "class of persons protected" limitation, and (2) it was reasonably foreseeable that the plaintiff could have been injured by the defendants' violation of OSH Act regulations.

---

**15.** Many courts have spent considerable effort interpreting the definition of employer and employee as contemplated by the OSH Act. There is a split of opinion regarding whether the OSH Act and OSH Act regulations may be invoked for plaintiffs not employed by the defendant. *See,* *e.g., Melerine v. Avondale Shipyards*, 659 F.2d 706, 710–11 (5th Cir.1981) (discussing the debate and collecting cases). This case does not require us to decide whether the OSH Act protects only employees from negligent acts of their employers.

Borrowing the OSH Act as some evidence of the standard of care is distinguishable from applying the Act and its regulations. The OSH Act is not enforceable by private civil actions. In negligence or other non-enforcement suits, OSH Act evidence is only admissible at the discretion of the trial court. As discussed, the OSH Act may be admitted to help the jury determine whether the defendant complied with his industry's standard of care.

Unlike when borrowing a statute, when courts enforce a statute, as in the negligence per se context, they are typically bound by a "class of persons, class of injury" limitation and can only enforce a statute for the benefit of those plaintiffs who are in both classes. *Lyons*, 770 P.2d at 1257. In a negligence claim, because the courts do not enforce the OSH Act and because the OSH Act represents only some evidence of the standard of care, courts are not bound by the same limitations as they are when they enforce a statute. Dobbs, *supra* § 138. Even though the plaintiff is not an employee and arguably falls outside the class of persons protected by the Act, the statute may be relevant as some evidence of the standard of care with which a reasonable defendant in its industry should comply.

> [T]he existence of a statute does not prevent an action for common law negligence; and where the statute does set up standard precautions, although only for the protection of a different class of persons, or the protection of a distinct risk, this may be a relevant fact, having proper bearing upon the conduct of a reasonable person under the circumstances, which the jury should be permitted to consider. There is, in other words, a statutory custom, which is entitled to admission in evidence.

W. Page Keeton, *Prosser and Keeton on Torts* § 36 (5th ed.1984).

Here, Scott was within the class of persons who could foreseeably and reasonably be injured by the defendants' violations of OSH Act regulations because he was a business invitee of Conoco and an independent contractor to Matlack. Scott was present at the Conoco facility pursuant to an arrangement between Conoco and Matlack. This situation is distinguishable from that in which the plaintiff is merely a visitor to a work site. Therefore, given the foreseeability of Scott as a potential plaintiff and the work arrangement between the parties, we hold that the OSH Act may be admitted as some evidence of Matlack's and Conoco's standard of care even though Scott was not the direct employee of either defendant.

Lastly, the defendants urge this court to adopt the court of appeals' holding in *Auxier v. Auxier*, 843 P.2d 93, 96 (Colo.App.1992) that the OSH Act cannot be used as evidence of a homeowner's standard of care because the injured plaintiff was not the homeowner's employee and was not within the class of persons protected by the OSH Act. For the reasons detailed here and to the extent *Auxier* is inconsistent with this opinion, we overrule it. We note, however, that today's holding is limited to a situation such as this case in which Scott was present at Conoco's facility to perform work under contract. We reserve ruling on whether the OSH Act may be used to protect those injured at a work site when the plaintiff is not employed by the defendant or anyone else employed to perform work at the defendant's site.

### 5. Negligence Per Se

■■ The defendants alternatively argue that this case was tried as a negligence per se case. They argue that although the trial court refused the Scotts' negligence per se jury instruction, the many references to the OSH Act throughout the trial caused the jury to decide the case according to a per se theory of negligence.

■■■ It is well-established that this court must assume a jury followed the trial court's instructions as given. *Schmutz v. Bolles*, 800 P.2d 1307, 1315 (Colo.1990). "Appellate courts are bound by the jury's findings, and jury verdicts will not be reversed ... where the jury has been properly instructed by the trial court and the record contains sufficient competent evidence to support the finding." *Hock v. New York Life Ins. Co.*, 876 P.2d 1242, 1259 (Colo.1994).

The trial court did not issue limiting instructions that would have made it clear to

the jury that it could consider the OSH Act evidence only as some evidence of negligence. However, neither Conoco nor Matlack requested such instructions. Likewise, the lack of limiting instructions does not transform the nature of this case from negligence to negligence per se.

The Scotts presented evidence and theories of negligence other than the alleged violations of OSH Act regulations. Our review of the record does not lead us to conclude that the jury focused only on OSH Act evidence to reach its decision or that the jury disregarded the court's instructions. We disagree with Matlack and Conoco's argument that even if the trial court did not instruct the jury on a negligence per se theory of liability, this nonetheless was a negligence per se case. We assume that the jury followed the instructions given by the trial court and affirm its findings. Therefore, we hold that this was not a de facto negligence per se case and that the jury was properly instructed on the law of negligence.

### C. Trial Court's C.R.C.P. 37 Sanction and Admissibility of OSHA Citation

Matlack argues and the court of appeals agreed that the trial court committed reversible error when it admitted the OSHA citation issued to Matlack for the prior Connecticut accident. We disagree and hold that no abuse of discretion occurred.

Matlack argues the OSHA citation was inadmissible for two independent reasons: (1) CRE 408 precludes admission of settlement agreements "to prove liability for or invalidity of the claim or its amount"; and (2) the settlement agreement was confidential and expressly limited its use for the purposes of settling the dispute between Matlack and OSHA only and was not to be "used for any

purpose, except for proceedings and matters arising under the OSH Act."

■ We note that Matlack did not raise its CRE 408 objection to admission of the settlement agreement to the court of appeals, and thus we do not consider it here. *Davis v. Dunlevy*, 27 Colo. 244, 246, 60 P. 570, 570 (1900) (declining to hear issues not raised to the court of appeals but raised for the first time to the supreme court).

However, we consider the propriety of the C.R.C.P. 37 discovery sanction since the court of appeals held that the discovery sanction was an improper vehicle to admit an otherwise inadmissible OSHA citation.

■ Under C.R.C.P. 37, a trial court has broad discretion to order and to determine the nature of sanctions for a party's failure to comply with discovery. *Nagy v. Dist. Court*, 762 P.2d 158, 160 (Colo.1988); *see also Todd v. Bear Valley Vill. Apartments*, 980 P.2d 973, 978 (Colo.1999).

Because we have no Colorado precedent on this specific issue, that is, whether a trial court abuses its discretion when it admits confidential information as a discovery sanction under C.R.C.P. 37, we turn for guidance to respected treatises and to other jurisdictions that have considered this issue. We note that Rule 37 of the Federal Rules of Civil Procedure is virtually identical to Colorado's.

■ A sanctioned party may not object to a Rule 37 sanction on the grounds that the original discovery request was improper. 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2291 (2d ed.1994). The party must timely file for a protective order under Rule 26(c) [16] to preserve its objection to discovery requests.

---

**16.** C.R.C.P. 26(c) provides in pertinent part:
Upon motion by a party ... from whom disclosure is due or discovery is sought ... [,] the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more, of the following:
(1) that the disclosure or discovery not be had;
(2) that the disclosure or discovery may be had only on specified terms and conditions ...;

. . .
(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
. . .
(7) that ... other confidential ... or commercial information not be revealed or be revealed only in a designated way....

Objections based on privilege or confidentiality must be made early in a proceeding and be particularized so that the trial court may make an informed ruling on the claim of privilege and the case may proceed. *See generally Hawkins v. Dist. Court,* 638 P.2d 1372, 1375 (Colo.1982) (setting forth standards for granting protective order).

■ Once sanctions are sought, the party that failed to file for a protective order has waived its objection to the admissibility of evidence it failed to produce through discovery. Wright, *supra* § 2289; *Fautek v. Montgomery Ward & Co.,* 96 F.R.D. 141, 146 n. 7 (N.D.Ill.1982) ("[T]hese arguments . . . should have been raised long ago, as part of a motion for protection order under rule 26(c). Defendant is not free to conceal documents, only to later argue that they were not discoverable anyway."); *United States v. Reserve Mining Co.,* 412 F.Supp. 705, 711 (D.Minn.1976) (sanctioning party for failure to produce documents and holding that defense of inadmissibility of documents because they were an offer of compromise was meritless, noting "failure to identify the documents and assert the appropriate objection before the trial judge, precludes it from relying on these theories now"); *Battryn v. Indian Oil Co.,* 472 A.2d 937, 941 (Me.1984) (interpreting rule similar to Fed.R.Civ.P. 37 and holding "[o]bjections must be made when discovery is sought; it is no defense to a failure to respond to discovery requests to contend belatedly that the material sought was privileged"); *see also* 7 James Wm. Moore, *Moore's Federal Practice* ¶ 34.13(2)(a) (3d ed.1997) (explaining that a party waives objection to request for production if she fails to object timely).

■ Additionally, C.R.C.P. 37(d) explicitly states that the "failure to act as described in this subsection may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has previously filed a motion for a protective order provided by C.R.C.P. 26(c)." Thus, case law from other jurisdictions, respected

authorities interpreting Fed.R.Civ.P. 37, and the express language of C.R.C.P. 37(d) persuades us that a trial court may rule confidential information admissible as a discovery sanction when the violating party fails to object timely to the discovery requests which originally sought confidential information. To hold otherwise would encourage a party to conceal documents and provide a method for one party to obstruct orderly discovery procedures.

We apply these principles here. The Scotts' discovery requests from Matlack regarding other accidents at Matlack facilities remained pending for over a year. When Matlack did produce documents to the Scotts, the responses were incomplete, vague, and evasive. Matlack's objections to the requests were general.

Matlack's continued failure to provide proper responses to discovery led the trial court to issue not one but two orders to compel against Matlack. Finally, two weeks before trial, Matlack delivered several thousand documents in response to the Scotts' requests for production. Even so, the belatedly produced documents represented incomplete responses to the Scotts' requests for production regarding other accidents.

Thereafter, the court sanctioned Matlack for failing to comply with the two orders to compel and for not being diligent in its discovery obligations. The sanction permitted the Scotts to admit OSH Act regulations [17] and the citation for the Connecticut accident as evidence at trial.

Matlack objected to this order, arguing that the settlement agreement between OSHA and Matlack was irrelevant. Matlack never objected on the ground that the settlement agreement was confidential or privileged. At no time did Matlack move for a protective order under C.R.C.P. 26(c) as required by C.R.C.P. 37(d).

We assume, but do not decide, for purposes of this decision that Matlack's settlement agreement with OSHA was confidential

17. Because the OSH Act and regulations are admissible against the defendants as evidence of the standard of care in the industry, even in the absence of a C.R.C.P. 37 sanction, we conclude

the sanction permitting the regulations to be admitted against the defendants was within the trial court's discretion.

and would have been inadmissible but for the C.R.C.P. 37(b)(2)(B) sanction. We note that OSH Act regulations stress the confidentiality of OSHA settlements. 29 C.F.R. § 2200.120(d)(3) (2001) ("All statements made, and all information presented, during the course of proceedings under this section shall be regarded as confidential and shall not be divulged outside of these proceedings except with the consent of the parties.").

In sum, Matlack objected to the Scotts' requests for production in general terms, and then once the sanctions were imposed, objected to the admission of the OSHA citation on relevancy grounds and no other.

 Matlack did not raise the issue of the OSHA citation's confidentiality before the trial court imposed its sanction orders. It did not raise this issue at any time before the trial court or in proceedings before the court of appeals. It raises this issue for the first time before this court. Therefore, we hold that Matlack's confidentiality objection to admission of the settlement agreement once the trial court deemed it admissible as a sanction is untimely. Because the trial court found that Matlack abused the discovery process and because Matlack failed to object in a timely fashion to the Scotts' discovery requests, we hold that the trial court's C.R.C.P. 37 sanctions did not constitute an abuse of discretion and that the trial court did not err when it permitted the Scotts to use Matlack's OSHA citation as evidence.

## IV. Conclusion

For the reasons discussed, we reverse the judgment of the court of appeals and remand this case to that court to return this case to the trial court to reinstate its judgment for the plaintiff.

Justice RICE does not participate.