Donna LAND–WELLS, Plaintiff–Appellant,

v.

**RAIN WAY SPRINKLER AND LANDSCAPE, LLC, a Colorado limited liability company, Defendant–Appellee.**

No. 06CA2616.

Colorado Court of Appeals, Div. I.

May 15, 2008.

Jorgensen, Motycka & Lewis, P.C., Gerald L. Jorgensen, Greeley, Colorado, for Plaintiff–Appellant.

Lind, Lawrence & Ottenhoff, LLP, James D. Bramer, Megan R. Peterson, Windsor, Colorado, for Defendant–Appellee.

Opinion by Judge RUSSEL.

Plaintiff, Donna Land–Wells, appeals from the trial court's judgment in favor of defendant, Rain Way Sprinkler and Landscape, LLC. We reverse and remand with directions.

## I.  Background

Plaintiff sustained injuries when she slipped on an icy residential sidewalk. She brought this action, claiming that defendant had negligently installed landscaping in a way that allowed water and ice to accumulate on the sidewalk.

At the close of plaintiff's evidence, the trial court granted defendant's motion for a directed verdict. The court found that plaintiff had failed to prove (1) that she had complied with the notice requirements of the Construction Defect Action Reform Act (CDARA), sections 13–20–801 to –807, C.R.S. 2007, and (2) that the sidewalk's icy condition was the result of a construction defect.

## II.  Discussion

Plaintiff contends that the court erred in granting the directed verdict. We review de novo, viewing the evidence in the light most favorable to plaintiff. *See Brossia v. Rick Constr., L.T.D. Liab. Co.,* 81 P.3d 1126, 1131 (Colo.App.2003). For the following reasons, we agree that the court erred.

### A.  Plaintiff's Evidence

We begin by determining whether plaintiff produced sufficient evidence to survive a motion for directed verdict. We conclude that she did.

To establish a common law negligence claim, a plaintiff must prove the following: (1) the defendant owed the plaintiff a legal duty to conform to a standard of care; (2) the defendant breached that duty; (3) the plaintiff suffered injury; and (4) there is a causal relationship between the breach and the injury. *See Scott v. Matlack, Inc.,* 39 P.3d 1160, 1166 (Colo.2002).

Here, plaintiff presented evidence that, if believed, would have established the elements of her negligence claim. An expert in construction management testified that a landscaper has a duty to consider existing drainage systems, including buried downspouts. The expert testified that, in this case, mulch covered the end of a drain pipe, which had caused water to back up and freeze on the sidewalk. Defendant's owner testified that he did not make "any accommodation whatsoever" for the drain and did not feel that he had a duty to do so. And plaintiff's doctor testified that plaintiff's injuries were directly related to her fall on the sidewalk.

### B.  Trial Court's Ruling

The trial court granted a directed verdict because it apparently thought that CDARA imposed additional evidentiary requirements that plaintiff had failed to meet. We conclude that the court misapprehended the applicability and effect of CDARA.

CDARA applies to all civil actions "claiming damages, indemnity, or contribution in connection with alleged construction defects." § 13–20–802. It is designed to regulate and

streamline litigation between claimants and construction professionals. *See* §§ 13–20–801 to –807, 13–80–104, C.R.S.2007; *CLPF–Parkridge One, L.P. v. Harwell Invs., Inc.,* 105 P.3d 658, 664 (Colo.2005) (CDARA's purpose is to streamline construction defect litigation).

Among other things, CDARA creates a special notice process. Under section 13–20–803.5, claimants and construction professionals must confer, exchange information, and attempt to resolve claims before the claimant files an action. Ronald M. Sandgrund & Scott F. Sullan, *The Construction Defect Action Reform Act of 2003,* 32 Colo. Law. 89, 91 (July 2003). If a claimant files suit before the required process has been completed, the court must stay the action until the claimant complies. § 13–20–803.5(9).

Although CDARA limits certain types of claims against construction professionals, *see* § 13–20–804, it does not alter the substantive elements of a plaintiff's claim. Specifically, as relevant here, it does not require a plaintiff to plead or prove (1) that the plaintiff complied with the notice process, or (2) that the alleged injuries or damages arose from a "construction defect."

Because CDARA did not require plaintiff to prove anything more than the elements of her common law negligence claim, the court's ruling was incorrect.

### C. Alternative Argument

Defendant asks us to affirm the judgment on the basis of an argument that was presented to, but not addressed by, the trial court. Relying on the Premises Liability Act, section 13–21–115, C.R.S.2007, defendant argues that it was entitled to a directed verdict because there was no evidence that it had actual knowledge of the dangerous condition that allegedly caused plaintiff's injuries. We reject this argument.

Defendant's argument is meritorious only if it is a "landowner" under the Premises Liability Act. That term is defined broadly to include (1) "an authorized agent or a person in possession of real property," and (2) "a person legally responsible for the condition of real property or for the activities conducted ... on real property." § 13–21–115(1), C.R.S.2007; *see also Pierson v. Black Canyon Aggregates, Inc.,* 48 P.3d 1215, 1221 (Colo.2002) (an entity is "legally responsible" if it is "legally entitled to be on the real property and ... is responsible for creating a condition on real property or conducting an activity on real property that injures an entrant").

Here, defendant may have been a landowner under the governing definition when it installed the sprinkler system at the residence. *See Pierson,* 48 P.3d at 1221 (independent contractor can be a landowner). At the time of the accident, however, defendant was not in possession of the property or conducting any activity related to, or creating the condition of, the icy sidewalk. *See id.* at 1220 ("[W]hen a landowner transfers complete control of the premises to a lessee, that landowner is no longer a person in possession for purposes of the statute."); *Nordin v. Madden,* 148 P.3d 218, 221–22 (Colo.App. 2006) (party was not "legally responsible" for the condition of the property because "at the time of the accident [it] was not conducting any activity related to, or creating the condition of, the malfunctioning hot water heater").

Because defendant was not a landowner at the time of the accident, plaintiff was not required by the Premises Liability Act to prove that defendant had actual knowledge of the alleged dangerous condition.

### III. Conclusion

The trial court erred in granting defendant's motion for a directed verdict.

The judgment is reversed, and the case is remanded for a new trial consistent with this opinion.

Judge BERNARD and Judge MÁRQUEZ * concur.